[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 17, 2005
THOMAS K. KAHN
CLERK

No. 04-16671
Non-Argument Calendar

_____

D. C. Docket No. 02-60139-CR-WPD

UNITED STATES OF AMERICA,


Plaintiff-Appellee,

versus

MOHAMED MOSTAFA ATAYA,


Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 17, 2005)


Before BLACK, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Mohamed Mostafa Ataya appeals the district court's revocation of his probation which took place pursuant to 18 U.S.C. § 3565. He makes two arguments: (1) that he was denied due process because the government neglected to provide him with exculpatory evidence; and (2) that he was denied due process when the district court failed to adequately give sufficient reasons for revoking his probation. Neither of these claims have merit.

We review a district court's revocation of probation for an abuse of discretion. *See United States v. Frazier*, 26 F.3d 110, 112 (11th Cir. 1994). We review issues that were not raised before the district court only for plain error. *United States v. Olano*, 507 U.S. 725, 731, 113 S. Ct. 1770, 1776 (1993).

I.

Ataya was placed on probation after his conviction for dealing in counterfeit money in violation of 18 U.S.C. § 491(b). The terms of his probation specifically prohibited him from committing another federal, state or local crime or possessing a controlled substance. Yet, while on probation, Ataya was arrested in Texas for possession of marijuana and subsequently convicted. The Texas law enforcement officer who arrested him, Rocky Barr, testified at his probation revocation hearing that he not only found marijuana in Ataya's car, but that he smelled it on Ataya's breath and clothing. Based on that evidence, Ataya's probation was revoked.

2

Ataya now claims that he was denied the due process of law because the government did not disclose all of the evidence against him. Specifically, he complains that the government did not provide him with "the results, dates or records concerning his urinalysis test for drugs", which apparently were negative. Had he been given those records in advance of the revocation hearing, Ataya claims, he would have been better able to impeach Officer Barr and challenge his allegations that Ataya's clothing and breath smelled like marijuana.

Revocation hearings "must comport with principles of fundamental fairness." *United States v. Tyler*, 605 F.2d 851, 853 (5th Cir. 1979).[1] Thus, a defendant must be afforded "certain minimal due process requirements" during a revocation hearing. *Frazier*, 26 F.3d at 114. Included among these requirements is the disclosure of the evidence that will be used against him. Fed. R. Crim. P. 32.1(b) (codifying *Morrissey v. Brewer*, 408 U.S. 471, 489 (92 S. Ct. 2593, 2604 (1972) (parole revocation)).

Since Ataya failed to raise an objection before the district court, we can only review his due process claim for plain error. *Olano*, 507 U.S. at 731, 113 S. Ct. at 1776; Fed. R. Crim. P. 52(b). To establish plain error, Ataya must prove: (1) error;

---

[1] In *Bonner v. Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

(2) that is plain; and (3) that affects substantial rights. *Olano*, 507 U.S. at 731, 113 S. Ct. at 1776. And we will correct the error only if it "seriously affects the fairness, inegrity or public reputation of judicial proceedings." *Id.* at 736, 113 S. Ct. at 1779.

There is no plain error here. First, the government did not rely on the results of drug testing in arguing for a revocation of Ataya's probation. The basis for the revocation was not his use of marijuana – rather, that he was charged with violating a state law by having possessed marijuana. The judgment of conviction upon which the parole revocation was based was provided and disclosed to him. For the same reason, the government was under no obligation to provide the court with the results of his monthly urinalysis testing. Moreover, Ataya does not demonstrate how the negative drug test reports would have changed the outcome of the revocation proceedings. Further, Ataya possessed the evidence of his negative drug testing and could have, with due diligence, introduced this evidence himself. Therefore, he has not shown plain error, or any error at all.[2]

## II.

---

[2]To the extent that Ataya raises a claim pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963) [suppression by the prosecution of evidence favorable to an accused upon request violates due process when the evidence is material either to guilt or to punishment], *Brady* only applies to criminal prosecutions and not to probation revocation hearings. *See Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S. Ct. 1756, 1759-60 (1973).

4

Secondly, Ataya argues that the district court did not give sufficient reasons for its finding that he had possessed marijuana. He maintains that the district court's oral pronouncements violated his due process rights because the court's findings should have been written.

Due process requires that an individual facing revocation of probation or supervised release be provided a written statement by the factfinders indicating the evidence upon which they relied and their reasons for revoking supervision. *Morrissey*, 408 U.S. at 489, 92 S. Ct. at 2604 (parole revocation); *see also Gagnon*, 411 U.S. at 781-82, 93 S. Ct. at 1759 (applying *Morrissey* to probation revocation).

We have held, however, that "oral findings, if recorded or transcribed, can satisfy the requirements of *Morrissey* when those findings create a record sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon." *United States v. Copeland*, 20 F.3d 412, 414 (11th Cir. 1994). We explained that "[w]hen a district court has stated in the record its reasons for revoking the defendant's supervised release, and those statements are recorded and can be transcribed, [there is] no reason to demand that the district court turn its oral findings into a written order." *Id.* at 415.

The district court unambiguously stated its reasons for revoking Ataya's

5

probation. The court first explained that it did not find Ataya's testimony to be credible. The court then concluded that Ataya had possessed marijuana in Houston on May 14th, and accordingly revoked his probation. These oral findings, which were stated at the revocation hearing and transcribed, created a record sufficient to apprise the parties and this Court of its reasoning and the evidence upon which it relied. *See id*. at 414. Therefore, the district court did not err, and Ataya cannot make the showing necessary for plain error review.

For the foregoing reasons, we affirm the district court's ruling.

**AFFIRMED.**