[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-15879
Non-Argument Calendar

_____

D. C. Docket No. 04-00132-CR-CG

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 15, 2005
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID WAYNE MCFADDEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(December 15, 2005)

Before BLACK,  BARKETT and RONEY, Circuit Judges.

PER CURIAM:

This is an appeal of a judgment revoking supervised release of defendant

David Wayne McFadden.  Appointed counsel for McFadden, Lila V. Cleveland,

has moved to withdraw from further representation of the appellant and filed a

brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). McFadden has filed a response. An examination of the *Anders* brief, McFadden's response, and the entire record reveal no arguable issues of merit. Counsel's motion to withdraw is granted, and the revocation of McFadden's supervised release and his sentence are affirmed. McFadden's *pro se* request for appointment of replacement counsel is denied.

On May 1, 2003, McFadden was convicted by a federal district court in Maine of one count of being a prohibited person in possession of a firearm, a violation of 18 U.S.C. §§ 922(g)(4) and 924(a)(2), and was sentenced to two months' imprisonment and three years' supervised release. In 2004, McFadden moved to Alabama, and jurisdiction over his case was transferred to the federal district court in the Southern District of Alabama.

In September 2004, a probation officer petitioned the district court for revocation of McFadden's supervised release and issued a warrant for his arrest. At the revocation hearing, the government called David Wayne Dittmann ("Dittmann"), a probation officer from Mobile, Alabama, who testified to the events that supported the petition. McFadden's attorney objected to Dittmann's testimony regarding statements made outside of the court, asserting that the testimony was inadmissible under *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). The court overruled the objection, asserting that

2

such testimony was admissible in probation or supervised release revocation proceedings. Upon request, the court recognized McFadden's continuous objection to any hearsay testimony.

At the conclusion of testimony, the district court found the evidence indicated that McFadden had violated the following conditions of his supervised release: (1) because, in early September, he left the judicial district without the permission of the court or the probation officer; (2) because he did not submit his written report in September; (3) because he did not notify Dittmann within 72 hours of his arrest in Maryland; (4) because he failed to abstain from using or possessing alcohol; and (5) because he failed to attend and participate in counseling as required. The court noted that, although hearsay testimony was admissible, it did not rely on any hearsay testimony in making its findings.

The court then imposed a sentence of 9 nine months' imprisonment and 27 months' supervised release. The court recommended that McFadden be imprisoned where he could receive mental health treatment, alcohol counseling, and medical treatment for his physical maladies, and also recommended that McFadden be enrolled in an intensive alcohol treatment program.

Proceeding *pro se*, McFadden timely filed a notice of appeal raising three issues: *first*, that his due process rights were denied at the revocation hearing; *second*, that he was inadequately represented by his attorney and he was "seriously

3

hindered by certain legal and law enforcement organizations," further denying his due process rights; and, *third*, he had "documented and/or witness-supported evidence of perjury in the charges and/or the testimony at the hearing."

McFadden's attorney in the district court was permitted to withdraw from representation and thereafter, this Court appointed Lila V. Cleveland as counsel to represent McFadden on appeal, who then filed the instant motion to withdraw and a brief in support of the motion. McFadden was given notice and in response, submitted a letter detailing issues he deemed to be of arguable merit, and submitted a "Pro Se Request for Replacement – Petitioner Counsel."

In her *Anders* brief, counsel asserts one issue of arguable merit: that, at the revocation hearing, McFadden's attorney objected to the probation officer's testimony concerning hearsay statements and argued that McFadden's Sixth Amendment rights were violated. The admission of hearsay testimony in this case does not present an issue of arguable merit for appeal because the district court explicitly stated at the conclusion of the hearing that its findings were not based on any of the hearsay evidence before it, but they were based upon the probation officer's specific observations or communications with the defendant.

None of the issues McFadden detailed in his *pro se* notice of appeal were issues of arguable merit: (1) due process violations at the revocation hearing; (2) ineffective assistance of counsel; and (3) perjury at the hearing.

4

An independent review of the record reveals that no due process violations occurred at McFadden's revocation hearing.

McFadden's ineffective assistance of counsel claim is not of arguable merit, because generally, this Court does not consider ineffective assistance of counsel claims on direct appeal where, as here, the factual record has not been developed. *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002).

McFadden's allegations of perjury are vague and conclusory, and although he indicates that he has documentary or testimonial proof demonstrating perjury, he has not supplied the Court with this evidence, and the record offers no support for this claim.

An independent review of the record supports counsel's contention that there are no other issues of arguable merit. This Court reviews the district court's determination that the defendant violated the terms of his supervised release for abuse of discretion, *United States v. Copeland*, 20 F.3d 412, 413 (11th Cir. 1994), and there was no abuse of discretion here.

Counsel's motion to withdraw is **GRANTED**. The revocation of McFadden's supervised release and his sentence are **AFFIRMED**; and McFadden's *pro se* request for appointment of replacement counsel is **DENIED**.