[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 1, 2007
THOMAS K. KAHN
CLERK

No. 06-14272
Non-Argument Calendar

_____

D. C. Docket No. 99-08024-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDDIE ROBINSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 1, 2007)**

Before BIRCH, BLACK and HULL, Circuit Judges.

PER CURIAM:

Eddie Robinson appeals the district court's revocation of his second term of

supervised release and imposition of a 30-month sentence. Robinson asserts the evidence did not support the revocation of his supervised release due to its contradictory nature. He also contends his sentence is unreasonable. We address each issue in turn.

I.

The district court did not abuse its discretion in revoking Robinson's supervised release. *See United States v. Frazier*, 26 F.3d 110, 112 (11th Cir. 1994) (stating that a district court's decision regarding revocation of supervised release is reviewed for abuse of discretion). A mandatory condition of Robinson's supervised release was that he "not commit another federal, state or local crime." The evidence presented at the probable cause hearing established that (1) three witnesses testified to seeing Robinson holding a gun; (2) two witnesses testified that Robinson dragged Ventras Davis with his car; and (3) the responding police officer testified that Davis was distraught and told him that her ex-boyfriend, Robinson, had tried to grab her with his car and pointed a firearm at her. Even though the witnesses presented different versions of exactly where Robinson stood as he held the gun and the gun's color, this Court gives deference to the district court's factual findings unless clearly erroneous. *See United States v. Almand*, 992 F.2d 316, 318 (11th Cir. 1993). The district court specifically found that Robinson

pulled a gun. Moreover, the district court had to weigh the testimony of Davis, Antonio McWilliams, India Pressley, and Timothy Walsh against that of Robinson, and this Court generally will not review the factfinder's credibility determination. *See United States v. Copeland*, 20 F.3d 412, 413 (11th Cir. 1994).

Thus, despite the contradictory nature regarding the circumstances of the incident, it was not clearly erroneous to find that Robinson pulled a gun, and thereby violated the terms of his supervised release. As evidence establishing guilt beyond a reasonable doubt is not required to revoke a defendant's supervised release, the district court did not abuse its discretion in choosing to do so. *See* 18 U.S.C. § 3583(e)(3).

## II.

"Under 18 U.S.C. § 3583(e), a district court may, upon finding by a preponderance of the evidence that a defendant has violated a condition of supervised release, revoke the term of supervised release and impose a term of imprisonment after considering certain factors set forth in 18 U.S.C. § 3553(a)." *United States v. Sweeting*, 437 F.3d 1105, 1107 (11th Cir. 2006). In sentencing a defendant, the factors that a district court should consider include: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to protect the public, to afford adequate

3

deterrence, and provide the defendant with needed medical care or correctional treatment; and (4) the pertinent Sentencing Commission policy statements. *See* 18 U.S.C. § 3553(a).

The district court's sentence reflected consideration of several of the relevant factors under § 3553(a). The court stated it had considered the § 3553(a) factors, and the court explicitly mentioned Robinson's history of violence with his girlfriends and his temper. Thus, the court explicitly considered the history and characteristics of the defendant and the nature of the offense. Additionally, the Guidelines range was 24-30 months' imprisonment. The court took account of the § 3553(a) factors and sentenced Robinson at the high end of the relevant Guidelines range. We conclude Robinson's sentence is reasonable. *See Sweeting*, 437 F.3d at 1106-07 (holding sentences imposed for violation of supervised release are reviewed for reasonableness).

**AFFIRMED.**