[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 17, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13682
Non-Argument Calendar

_____

D. C. Docket No. 97-00385-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALPHONSO WATTS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(March 17, 2008)**

Before TJOFLAT, BLACK and HULL, Circuit Judges.

PER CURIAM:

Alphonso Watts appeals his 21-month sentence imposed after revocation of

his supervised release.  After review, we affirm.

## I.  BACKGROUND

Watts pled guilty to being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g) and was sentenced to 105 months' imprisonment and three years of supervised release.  Conditions of Watts's supervised release included, inter alia, prohibitions against owning, possessing or having under his control a firearm or using a controlled substance and a requirement that he report for drug testing when directed.

After completing his prison term, Watts began his supervised release on December 8, 2006.  In April 2007, Watts was twice instructed to report for urinalysis screening and failed to appear.  In June 2007, Watts was instructed to report to the probation office.  When Watts appeared, he was arrested.  A search of Watts's vehicle revealed a vial of apparent urine, which individuals on supervised release sometimes use to provide false samples.  A sample of Watts's urine at the time of his arrest tested positive for marijuana.

On the same day, Watts's probation officer searched Watts's residence, which he shared with his mother and stepfather.  During the search, the probation officer found a firearm inside a hole in the wall of Watts's garage.  Two weeks later, Watts's mother contacted Watts's probation officer and claimed that, while

Watts was still in prison, she found the firearm behind her house and put it in the hole in the garage wall. However, when Watts's mother was later asked to repeat her story, she terminated the interview and stated that she could not trust the government and did not need to speak with the probation officer. When the probation officer suggested that the firearm would be tested for fingerprints, Watts's mother stated that her prints would not be found on the firearm because she had always handled it with either a rag or a bag.

On July 3, 2007, Watts's probation officer filed an Amended Petition and Order to Show Cause Why Supervised Release Should Not Be Revoked. The Petition alleged, among other things, that Watts had failed to report for scheduled urine testing on three occasions, had tested positive for marijuana and had possessed the firearm found inside the wall of his garage.

After holding a revocation hearing, the district court found that the government had proven by a preponderance of the evidence that Watts had failed to report for urine testing, had tested positive for marijuana and had possessed a firearm.[1] With regard to the firearm possession, the district court stated:

> I do believe this is proven, and here's my thought process. There was a search of the defendant's residence on June 28th, 2007, and a loaded Glock handgun was found inside a wall in the garage. I do understand

---

[1]The district court found that the government had failed to prove several other alleged violations.

3

that Mr. Watts' mother called the probation officer and basically said, oh, no, this was not my son's gun and it came here under some other circumstance. But there again, her unsworn statement to the probation officer is not enough to convince me that's really what the facts are. She had a motive to falsify her statement to try to help her son.

The district court also noted Watts's long criminal history, which included at least one prior firearms offense.[2] The district court stated that it was "not too surprised about this Glock handgun." The district court sentenced Watts to 21 months' imprisonment. This appeal followed.

## II. DISCUSSION

On appeal, Watts argues for the first time that the district court violated his Sixth Amendment rights and United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), when it found by a preponderance of the evidence that he had possessed a firearm and violated the terms of his supervised release.

Because Watts did not raise this Sixth Amendment Booker argument in the district court, we review for plain error. See United States v. Moriarty, 429 F.3d 1012, 1018-19 (11th Cir. 2005). Pre-Booker, the Supreme Court concluded that

---

[2]Watts's presentence investigation report ("PSI") indicated, inter alia, that: (1) Watts had eight prior convictions and numerous arrests; (2) in 1995, Watts was convicted in a Georgia state court of being a felon in possession of a firearm; (3) in 1993, Watts was arrested in Georgia for being a felon in possession of a firearm; (4) in 1991, Watts was arrested in Georgia for pointing a gun and aggravated assault; (5) in 1989, Watts was conviction of theft by receiving stolen property when he received a stolen Ruger 9mm pistol; and (6) Watts had pending charges in Georgia state court for kidnapping and aggravated assault involving an incident in which Watts pointed a handgun at two women, threatened to shoot them and then abducted one of the women.

the conduct violating supervised release "need not be criminal and need only be found by a judge under a preponderance of the evidence standard, not by a jury beyond a reasonable doubt." Johnson v. United States, 529 U.S. 694, 700, 120 S. Ct. 1795, 1800 (2000). Neither this Court nor the Supreme Court has yet addressed whether Booker's Sixth Amendment holding about judicial factfinding applies to sentences imposed following the revocation of supervised release. United States v. White, 416 F.3d 1313, 1318 (11th Cir. 2005). "Thus, even if we were to conclude that error occurred, . . . any error was not 'plain.'" Id. at 1319.

Watts also argues that the finding that he possessed a firearm was not supported by the evidence.[3] Under 18 U.S.C. § 3583(e), a district court may, upon finding by a preponderance of the evidence that a defendant has violated a condition of supervised release, revoke the term of supervised release and require the defendant to serve prison time instead of supervised release after considering the factors in 18 U.S.C. § 3553(a). 18 U.S.C. § 3583(e)(3); see also United States v. Sweeting, 437 F.3d 1105, 1107 (11th Cir. 2006).

Possession of a firearm can be either actual or constructive. United States v. Thompson, 473 F.3d 1137, 1143 (11th Cir. 2006), cert. denied, 127 S. Ct. 2155

_____

[3]We review a district court's revocation of supervised release under an abuse of discretion standard. United States v. Frazier, 26 F.3d 110, 112 (11th Cir. 1994). A district court's findings of fact made at a revocation proceeding are binding unless clearly erroneous. United States v. Almand, 992 F.2d 316, 318 (11th Cir. 1993).

5

(2007). Constructive possession of a firearm can be established by the government if it proves ownership, dominion, or control over the firearm. Id.

The government presented evidence that a handgun was found hidden inside the wall of Watts's garage. Although Watts's mother later offered an explanation for the gun's presence, she refused to repeat her story to the probation officer and did not testify at the revocation hearing. The district court found that Watts's mother's story was not credible, a finding we will not disturb. United States v. Copeland, 20 F.3d 412, 413 (11th Cir. 1994) ("The credibility of a witness is in the province of the factfinder and this court will not ordinarily review the factfinder's determination of credibility."). Furthermore, Watts had a prior conviction for possession of a firearm, a prior conviction for receiving a stolen firearm and several arrests involving firearms. The district court did not clearly err in finding that Watts possessed the handgun found in his garage. Therefore, the district court did not abuse its discretion when it revoked Watts's supervised release for violating the condition that he not possess a firearm.

**AFFIRMED.**