[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 3, 2008
THOMAS K. KAHN
CLERK

No. 07-14692
Non-Argument Calendar

_____

D. C. Docket No. 92-00512-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BENIAMINO ANGELO-GUARINO,
a.k.a. John Ben Higgins,
a.k.a. Benjamin Lucciola,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 3, 2008)**

Before TJOFLAT, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Beniamino Angelo-Guarino appeals from his 24-month sentence upon revocation of his supervised release due to his failure to report as requested to the probation officer and failure to notify the probation of any change in his residence. On appeal, Angelo-Guarino argues that upwardly variant sentence is unreasonable because the district court based the sentence on improper considerations and unfounded speculation. After thorough review, we affirm.

We review the sentence imposed upon the revocation of supervised release for reasonableness. United States v. Sweeting, 437 F.3d 1105, 1106-07 (11th Cir. 2006). "[R]easonableness" review "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 127 S. Ct. 2456, 2465 (2007)); see also United States v. Silva, 443 F.3d 795, 798 (11th Cir. 2006) (holding that district court's decision to exceed the advisory sentencing range in Chapter 7 of the Sentencing Guidelines, U.S.S.G. § 7B1.4, is reviewed for an abuse of discretion). We review de novo whether a factor considered by the district court in sentencing a defendant is impermissible. United States v. Velasquez Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008). We usually defer to the district court's determinations regarding the credibility of a witness. United States

v. Copeland, 20 F.3d 412, 413 (11th Cir. 1994).[1]  "The party who challenges the sentence bears the burden of establishing that the sentence is unreasonable . . . ." United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006) (internal quotation omitted).

Our reasonableness review consists of two steps. Pugh, 515 F.3d at 1190. First, we must "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 128 S.Ct. 586, 597 (2007)).[2]  "A sentence that is based entirely upon an impermissible factor is unreasonable because such a sentence

---

[1] Angelo-Guarino did not articulate with specificity any objection to the district court's factual findings, consideration of his past criminal conduct, its conclusion that his conduct had not changed, or its manner in imposing the sentence.  Thus, we review for plain error his arguments that the district court impermissibly:  (1) considered his past criminal conduct and the goal of preventing future violations, and (2) based its sentence on unfounded speculation.  See United States v. Zinn, 321 F.3d 1084, 1087-88 (11th Cir. 2003).

[2] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

3

does not achieve the purposes of § 3553(a)." Velasquez, 524 F.3d at 1252 (internal quotation omitted).

If we conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed, under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Pugh, 515 F.3d at 1190 (quoting Gall, 128 S. Ct. at 597). With respect to sentences imposed outside the applicable guideline range, the district court must "ensure that the justification is sufficiently compelling to support the degree of the variance," but extraordinary circumstances are not required to justify such a sentence. Gall, 128 S.Ct. at 595, 597. We "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Id. at 597.

Section 3583 of Title 18 of the United States Code provides that a district court may revoke a term of supervised release and impose a sentence of imprisonment for the violation after considering factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7). 18 U.S.C. § 3583(e). However, the district court is not required to explicitly consider each of § 3553(a)'s factors or to discuss each of the factors. United States v. Dorman, 488 F.3d 939, 944 (11th Cir.), cert. denied 128 S.Ct. 427

(2007). Instead, the district court's consideration of the factors may be demonstrated by its consideration of objections, arguments, and reasoning on the record. Id.

For a Class C felony, the district court may not sentence a defendant to more than three years in prison upon revocation of his term of supervised release. 18 U.S.C. § 3583(b)(2). Chapter 7 of the Guidelines addresses violations of supervised release, contains policy statements, and recommends a sentencing range of 5 to 11 months for a Grade C violation with a criminal history category of III. U.S.S.G. § 7B1.4. We have consistently held that the policy statements of Chapter 7 are merely advisory and not binding. United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000).

Angelo-Guarino's arguments that his sentence is procedurally unreasonable are without merit. The district court properly revoked the term of supervised release upon Angelo-Guarino's admission of his violations. The district court correctly calculated the Guidelines. See U.S.S.G. § 7B1.4. And the district court properly imposed Angelo-Guarino's sentence specifically stating that it had considered the § 3553(a)'s factors, the Guidelines, the violation report, and the presentations of the parties. Moreover, because the district court was required to consider Angelo-Guarino's history and characteristics, the need to deter criminal conduct, and the protection of the public from further crimes, 18 U.S.C. §§ 3553(a), 3583(e), the

district court did not plainly err in considering Angelo-Guarino's past criminal conduct and flight to Asia to avoid federal and state supervision. See Aguillard, 217 F.3d at 1320-21; compare with Velasquez, 524 F.3d at 1252-53. Lastly, the district court's determination that Angelo-Guarino was not credible and had not changed his pattern of behavior was not clearly erroneous given his denial of criminal wrong-doing, his pattern of lying and abscondment, and the court's ability to assess the credibility of Angelo-Guarino's testimony in person. See Copeland, 20 F.3d at 413. Accordingly, Angelo-Guarino's sentence is not procedurally unreasonable.

Likewise, Angelo-Guarino's sentence is not substantively unreasonable. Contrary to Angelo-Guarino's contention, extraordinary circumstances are not necessary to justify a sentence outside of the Guidelines range. Gall, 128 S.Ct. at 595, 597. Here, the district court faced an unrepentant defendant, who absconded from the United States within a month of commencing his term of supervised release with a history of failing to comply with conditions of parole and probation. The court justified its sentence based on Angelo-Guarino's inability to comply with the conditions of supervised release, suspicions regarding his explanations for his conduct, and the need to deter further criminal conduct and protect the public from future criminal conduct. Considering the testimony, evidence, and record before it, the district court did not abuse its discretion in imposing a sentence that exceeded the

Guideline range.  See United States v. Silva, 443 F.3d 795, 799 (11th Cir. 2006) (holding that the district court, which had considered the Guidelines but found an upward variant sentence necessary given the defendant's previous violations, did not abuse its discretion when it imposed a 24-month sentence instead of a Guidelines range sentence of 3 to 9 months' incarceration).

Therefore, we affirm Angelo-Guarino's upwardly variant 24-month sentence.

**AFFIRMED**.