[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14331
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 4, 2011
JOHN LEY
CLERK

D. C. Docket No. 99-00004-CR-5-RS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PHYNERRIAN Q. MANNING,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 4, 2011)

Before EDMONDSON, PRYOR, and BLACK, Circuit Judges.

PER CURIAM:

Phynerrian Q. Manning appeals the district court's judgment revoking his

supervised release and imposing a 33-month sentence. Reversible error has been shown; we vacate and remand for additional proceedings.

Manning served a 120-month sentence of imprisonment for a drug trafficking offense. After serving his sentence, he began an eight-year term of supervised release. Two years into the supervised release term, Manning's probation officer filed a petition alleging that Manning had violated the conditions of his supervised release by (1) possessing cocaine base with intent to distribute, a felony in violation of Fla. Stat. § 893.13; (2) failing to notify the officer ten days before a change in his residence; and (3) testing positive for cocaine.

Manning admitted the second and third violations, but denied that he possessed cocaine base with intent to distribute. The court conducted a hearing on this issue. And after hearing testimony from both sides, the court concluded that the government had proved, by a preponderance of the evidence, that Manning had possessed cocaine base and, therefore, had violated his supervised release.

On appeal, Manning argues that the district court abused its discretion in revoking his supervised release because the court made insufficient factual findings to support its decision. Manning contends that the court's general conclusion that the government met its burden did not comport with due process. We review for an abuse of discretion a district court's revocation of supervised release. United

2

States v. Frazier, 26 F.3d 110, 112 (11th Cir. 1994).

"Under 18 U.S.C. § 3583(e), a district court may, upon finding by a preponderance of the evidence that a defendant has violated a condition of supervised release, revoke the term of supervised release and impose a term of imprisonment after considering certain factors set forth in 18 U.S.C. § 3553(a)." United States v. Sweeting, 437 F.3d 1105, 1107 (11th Cir. 2006). Here, Manning's commission of a state controlled substance offense punishable by a term of imprisonment exceeding one year constituted a Grade A violation; and for a Grade A violation, revocation of supervised release is mandatory. See U.S.S.G. §§ 7B1.1(a)(1), 7B1.3(a)(1). So, the district court's finding that Manning possessed cocaine base obligated the court to revoke his supervised release.[1]

We agree with Manning -- and the government concedes -- that the district court's statement of reasons was insufficient to revoke his supervised release. Due process requires the district court to state "the reasons for the revocation of supervised release and the evidence the decision maker relied upon." See United States v. Copeland, 20 F.3d 412, 413 (11th Cir. 1994). And "general conclusory

---

[1]For Manning's other violations -- which were Grade C violations -- the district court had discretion to revoke supervised release. See U.S.S.G. §§ 7B1.1(a)(3), 7B1.3(a)(2). But Manning's admission to these violations did not control the court's revocation and sentencing decision, as "the grade of the violation [was] determined by the violation having the most serious grade." See U.S.S.G. § 7B1.1(b).

reasons . . . do not meet [the] due process requirement that the revoking judge state the factual findings and the reasons relied upon for revocation." United States v. Lacey, 648 F.2d 441, 445 (5th Cir. 1981).

Here, the district court stated only that, after having considered the evidence, it concluded that Manning violated the terms of his supervision. This conclusory statement, devoid of any specific reference to the facts or evidence in the case, is inadequate to satisfy due process, particularly in the light of the conflicting testimony between Manning and a government witness.[2]

Therefore, we remand for the limited purpose of allowing the district court to set forth its reasoning for concluding that the government proved the violation and for revoking Manning's supervised release.

VACATED AND REMANDED.

---

[2]The government witness testified that Manning had sold her cocaine which she, in turn, sold to someone else. The witness also admitted, on cross-examination, that she initially told police that Manning had nothing to do with the cocaine she had sold. Manning testified that he had delivered clothes, not drugs, to the witness's house on the night in question.