[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10198

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 24, 2012
JOHN LEY
CLERK

D. C. Docket No. 1:07-cr-00348-KD-M-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUSTIN JAMMALL DEES,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(January 24, 2012)


Before EDMONDSON, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Justin Dees appeals his 21-month sentence imposed upon revocation of his supervised release. No reversible error has been shown; we affirm.

After serving a 21-month sentence for a drug trafficking offense, Dees began a 3-year term of supervised release. While still on supervised release, Dees's probation officer filed a petition alleging that Dees had violated the conditions of his supervised release by (1) committing various misdemeanor violations of state law; (2) failing to contact his probation officer within 72 hours of his arrest; and (3) committing first-degree robbery and second-degree assault, felony violations of Ala. Code §§ 13A-8-41 and 13A-6-21.[1]

Dees admitted the first and second release violations, but denied the robbery and assault charges. The district court conducted a revocation hearing on the issue, during which both sides presented evidence. The court then concluded that the government had proved, by a preponderance of the evidence, that Dees had committed robbery and assault and, thus, had violated his supervised release.

---

[1] The robbery and assault charges arose from an incident in which a man -- identified as Dees -- held another man at gunpoint, took his wallet, and then shot him in the legs.

On appeal, Dees contends that the evidence introduced at the revocation hearing was insufficient for the district court to conclude that he had committed the robbery and assault. We review a district court's revocation of supervised release for abuse of discretion. United States v. Velasquez Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008). A violation of a condition of supervised release must be proved by a preponderance of the evidence. United States v. Sweeting, 437 F.3d 1105, 1107 (11th Cir. 2006) (citing 18 U.S.C. § 3583(e)(3)).

The district court did not abuse its discretion when it concluded that Dees violated his supervised release. At the revocation hearing, Dees's ex-girlfriend, who witnessed the robbery and shooting, identified Dees as the perpetrator. Her testimony was consistent with the oral and written statements that she gave police immediately following the incident; and Dees fit the shooting victim's general description of the robber.

Although there were some discrepancies in the ex-girlfriend's story, the district court implicitly credited her testimony. In general, we will not review the district court's determination of credibility. United States v. Copeland, 20 F.3d 412, 413 (11th Cir. 1994) (explaining that "[t]he credibility of a witness is in the province of the factfinder and this court will not ordinarily review the factfinder's determination of credibility"); see also United States v. Floyd, 281 F.3d 1346, 1348 (11th Cir. 2002)

(stating that where a district court's ruling implicitly credits a witness's testimony, this Court will do so as well). Moreover, even though defense witnesses testified that Dees lacked the means to acquire a gun, there was evidence that Dees had a history of violence and had possessed a gun before. Thus, the evidence supports the district court's ruling.

Dees also argues that the district court violated his due process rights when it failed to explain its reasons for revoking his supervised release. Because Dees failed to raise this issue below, we review only for plain error. See United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000).[2]

Due process requires that the court state "the evidence relied on and reasons for revoking [supervised release]." Copeland, 20 F.3d at 414. This requirement is satisfied when the record is "sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon." See id.; United States v. Lacey, 648 F.2d 441, 444-45 (5th Cir. Unit A June 1981) (noting that remand may be unnecessary when the record indicates clearly that the district court made implicit factual findings).

---

[2] Under plain-error analysis, Dees must show that "(1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." United States v. Gresham, 325 F.3d 1262, 1265 (11th Cir. 2003).

In this case, although the district court did not state explicitly its reasons for concluding that Dees committed the robbery and assault, the court's reasons were apparent from the record. The government's case relied in large part on Dees's ex-girlfriend's identification of him as the shooter; and the defense focused its efforts on undermining the ex-girlfriend's credibility. By concluding that Dees committed the robbery and assault, the district court determined implicitly that the ex-girlfriend's testimony was credible. Because the record is complete enough to advise the parties and this Court of the district court's reasons for revoking supervised release, the district court did not violate Dees's due process rights. See Copeland, 20 F.3d at 414.

AFFIRMED.