UNITED STATES of America, Plaintiff–Appellee,

v.

Dwaine COPELAND, Defendant–Appellant.

No. 92–3240.

United States Court of Appeals, Eleventh Circuit.

May 5, 1994.

## I.

Appellant, convicted and sentenced for importing cocaine into the United States, completed his three year prison term and commenced three years of supervised release. One of the conditions ·of his supervised release was that he not purchase, possess, use, or distribute drugs. Appellant violated this condition through the sale of cocaine to an undercover police officer on two occasions.

After a contested hearing, the district court found that the government proved, based on a preponderance of the evidence, that appellant had violated the conditions of his supervised release. ·See 18 U.S.C. § 3583(e)(3) (Supp. IV 1992) (preponderance of the evidence standard used in deciding if person violated conditions of release). The district court revoked his release and sentenced him to eighteen months imprisonment.

## II.

We review the district court's conclusion that appellant violated the terms of his supervised release for abuse of discretion. *United States v. Thompson,* 976 F.2d 1380, 1381 (11th Cir.1992). Appellant contends that the evidence introduced at the hearing was insufficient for the district court to conclude that he had sold cocaine. As the result of stipulations of the parties, the only issue before the district court at the hearing was whether appellant was the person from whom the undercover officer purchased cocaine on two occasions. A police officer testified that he went to appellant's home twice, and each time appellant sold cocaine to him. Although the appellant provided contrary evidence, the district court credited the officer's testimony. The credibility of a witness is in the province of the factfinder and this court will not ordinarily review the factfinder's determination of credibility. *United States v. Billue,* 994 F.2d 1562, 1563 (11th Cir.1993). The district court did not abuse its discretion in concluding that the government proved that appellant violated the terms of his release.

Julie Thomas, Tamra Phipps, Asst. U.S. Atty., Tampa, FL, for appellee.

Darlene Calzon Barror, Tampa, FL, for appellant.

Before HATCHETT and DUBINA, Circuit Judges, and ESCHBACH *, Senior Circuit Judge.

PER CURIAM:

Dwaine Copeland appeals from a judgment revoking his supervised release. He contends that the district court abused its discretion in concluding that he violated the conditions of his release and violated his due process rights in failing to make written findings of the evidence on which it relied. ·We affirm the district court.

* Honorable Jesse E. Eschbach, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

## III.

■ Appellant contends that he was denied due process when the district court failed to make written findings expressing its reasons for concluding that appellant violated the conditions of his supervised release as required by *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). The Supreme Court has held that a defendant facing possible revocation of parole or probation, although not entitled to all of the procedural protections afforded a defendant in a criminal proceeding, is entitled to certain protections. *Morrissey*, 408 U.S. at 480–82, 92 S.Ct. at 2599–2601; *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). The same protections granted those facing revocation of parole are required for those facing the revocation of supervised release. *See United States v. Copley*, 978 F.2d 829, 831 (4th Cir.1992).

■ One of the protections prescribed by *Morrissey* is "a written statement by the factfinders as to the evidence relied on and reasons for revoking parole." 408 U.S. at 489, 92 S.Ct. at 2604. In this case, the district court did not issue written findings of fact, but instead stated from the bench the evidence it relied upon and the reasons for its conclusion. Appellant contends that the district court's oral statements do not satisfy due process because they are not written. We join our sister circuits in concluding that oral findings, if recorded or transcribed, can satisfy the requirements of *Morrissey* when those findings create a record sufficiently complete to advise the parties and the reviewing court of the reasons for the revoca-tion of supervised release and the evidence the decision maker relied upon. *See Copley*, 978 F.2d at 831; *United States v. Gilbert*, 990 F.2d 916, 917–918 (6th Cir.1993); *United States v. Yancey*, 827 F.2d 83, 89 (7th Cir. 1987), *cert. denied*, 485 U.S. 967, 108 S.Ct. 1239, 99 L.Ed.2d 437 (1988); *United States v. Barth*, 899 F.2d 199, 201–202 (2d Cir.1990), *cert. denied*, 498 U.S. 1083, 111 S.Ct. 953, 112 L.Ed.2d 1042 (1991); *United States v. Barnhart*, 980 F.2d 219, 223 n. 3 (3rd Cir.1992). No circuit has directly held otherwise.[1] Although some courts have stated that *United States v. Lacey*, 648 F.2d 441, 445 (5th Cir. 1981)[2] holds that written statements are required, *see Barth*, 899 F.2d at 201; *Morishita v. Morris*, 702 F.2d 207, 209 (10th Cir. 1983); *United States v. Kindred*, 918 F.2d 485, 488 (5th Cir.1990), that conclusion is based upon a misinterpretation of *Lacey*. In *Lacey*, we found that "general conclusory reasons by the district court for revoking probation do not meet this due process requirement that the revoking judge state the factual findings and the reasons relied upon for revocation." 648 F.2d at 445. We did not address the question of whether the district court's specific oral findings could satisfy *Morrissey*. In looking to the district court's statements from the bench to determine what evidence it had relied upon and its reasons for revoking probation, the *Lacey* court indicated that oral findings from the bench could satisfy due process. Had the *Lacey* court determined that due process required written findings, it need not have considered the content of the district court's oral statements from the bench. Our holding in *Lacey* was simply that due process requires a factfinder to explicitly state the rea-

---

**1.** Our holding is consistent with that of *United States v. Smith*, 767 F.2d 521, 523–24 (8th Cir. 1985). The *Smith* court concluded that in the case before it, absent explicit findings stating the basis for revocation, it could not adequately review the case and remanded it. *Smith* did not address the question of whether explicit oral findings could satisfy *Morrissey*, as no findings existed, oral or written, in that case. The *Smith* court rejected the Tenth Circuit's holding that "written findings are constitutionally required only if the transcript and record before the judge do not enable a reviewing court to determine the basis of the judge's decision to revoke proba-tion." *Morishita v. Morris*, 702 F.2d 207, 210 (10th Cir.1983). We need not decide whether we agree with *Morishita* since no party in this case has argued that we should look beyond the specific findings of the district court.

**2.** In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Lacey* was decided on June 19, 1981, and therefore constitutes Eleventh Circuit precedent.

sons for its decision in revoking probation, and that the district court had not complied with this requirement.[3] We find nothing in *Lacey* to suggest that our conclusions today are in error.

When a district court has stated in the record its reasons for revoking the defendant's supervised release, and those statements are recorded and can be transcribed, we see no reason to demand that the district court turn its oral findings into a written order. Such a requirement would be "unduly formalistic." *Barth,* 899 F.2d at 202. The Supreme Court has stated that the requirement of written findings "helps to insure accurate factfinding with respect to any alleged violation and provides an adequate basis for review to determine if the decision rests on permissible grounds supported by the evidence." *Black v. Romano,* 471 U.S. 606, 613–14, 105 S.Ct. 2254, 2259, 85 L.Ed.2d 636 (1985). Although written findings are preferable for the reasons the Supreme Court stated, when a district court's oral findings satisfy those requirements, and are preserved, we will not require that the court duplicate its findings on paper.

Appellant argues that the district court's findings lacked the specificity required by due process. In stating its oral findings, however, the district court set forth the specific witness testimony it relied upon in reaching its conclusions, its reasons for crediting that witness, and its justification for revoking appellant's supervised release. Further, in this very appeal, appellant challenged the evidence relied upon in the district court's findings and the reasons the district court gave for its conclusion that appellant violated the terms of his release. It can not be disputed that the district court's findings gave appellant an adequate basis on which to contest the court's conclusions and satisfied the appellant's right to

due process. Accordingly, we affirm the district court.

AFFIRM.

UNITED STATES of America, Plaintiff–Appellee,

v.

Robert Earl OLIVER, Defendant–Appellant.

No. 92–7109
Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

May 5, 1994.

---

**3.** The opinion of the court after remand confirms this interpretation of *Lacey.* The same panel stated that "we remanded these proceedings because we found the findings upon which the revocation was based were inadequate to review Lacey's contentions." *United States v. Lacey,* 661 F.2d 1021, 1021 (5th Cir.1981), *cert. denied,* 456 U.S. 961, 102 S.Ct. 2036, 72 L.Ed.2d 484 (1982). In other words, the *Lacey* Court looked to the oral findings of the district court and found that those findings did not comport with due process.

Carter A. Robinson, Huntsville, AL, for plaintiff-appellee.

Jack W. Selden, U.S. Atty., Pamela G. Daniel, Asst. U.S. Atty., Birmingham, AL, for defendant-appellant.

Before KRAVITCH and BIRCH, Circuit Judges, and FAY, Senior Circuit Judge.

PER CURIAM:

Robert Earl Oliver was convicted of several offenses, including possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and was sentenced as an armed career criminal under U.S.S.G. § 4B1.4. Oliver appeals his sentence, arguing that the district court erred in classifying his prior conviction for possession of a firearm by a convicted felon as a "violent felony" under the relevant guideline provision, and in triple-counting his prior robbery conviction in determining his current offense, his criminal history and his offense level. We hold that possession of a firearm by a convicted felon does not constitute a "violent felony" within the meaning of section 4B1.4, and therefore

remand this case for resentencing in light of this opinion. With respect to Oliver's claim of "triple-counting," we conclude that the district court committed no error.

## I.

Oliver, a convicted felon, was indicted on August 28, 1992, for two counts of possession of a firearm by a convicted felon, 18 U.S.C. § 924(g)(1), and one count of making a false statement in connection with the acquisition of a firearm, 18 U.S.C. § 922(a)(6). These charges arose from two separate incidents in which Oliver pawned several revolvers to a federally licensed firearms dealer. A jury found him guilty on all counts on November 3, 1992. Following a sentencing hearing, the district court adopted the sentencing calculation set forth in the presentence investigation report, and found that Oliver was an armed career criminal pursuant to U.S.S.G. § 4B1.4. The court determined that "the three violent felony convictions that cause him to qualify for that treatment would be the 1979 possession of a pistol as a convicted felon, the 1980 carnal knowledge conviction and the 1980 robbery conviction." The court further suggested that "those are by no means the extent of [Oliver's] prior convictions but those are the three that I am focusing on for the purposes of the armed career offender classification." Oliver was sentenced to 276 months of incarceration.

## II.

Oliver's principal contention is that the district court erred in construing his 1980 conviction for possession of a firearm by a felon as one of the three prior convictions necessary to subject him to the mandatory-minimum sentence reserved for armed career criminals. Under the Guidelines, "[a] defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal." U.S.S.G. 4B1.4(a). The referenced statute provides, in pertinent part:

In the case of a person who violates section 922(g) [1] of this title and has three previous

---

1. 18 U.S.C. § 922(g)(1) makes it unlawful for any person

(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; ...

convictions ... for a violent felony ... such person shall be fined not more than $25,000 and imprisoned not less than 15 years....

18 U.S.C. § 924(e). The primary question raised by Oliver on appeal requires this court to resolve whether possession of a firearm by a convicted felon is a "violent felony" within the meaning of the statute.

. Section 924(e) defines a violent felony as "any crime punishable by imprisonment of a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife or destructive device that would be punishable by imprisonment by such term if committed by an adult, that

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

> (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another....

Those few courts that have addressed the meaning of "violent felony" pursuant to § 924(e) as encompassed by U.S.S.G. § 4B1.4 have looked to the language of a corollary guideline provision for career offenders, U.S.S.G. § 4B1.1. *See, e.g., United States v. Garcia–Cruz*, 978 F.2d 537 (9th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 2453, 124 L.Ed.2d 669 (1993); *United States v. Doe*, 960 F.2d 221 (1st Cir.1992). A "career offender" under § 4B1.1 is defined by, *inter alia*, the commission of a "crime of violence." The definition of "crime of violence," as set forth in § 4B1.2, is similar to "violent felony" in § 924(e).[2] The commentary to § 4B1.2, however, specifically excludes the unlawful possession of a firearm by a felon from the

purview of "crime of violence" as that term is defined by the guideline[3], an interpretation to which this court is bound. *See Stinson v. United States*, —— U.S. ——, ——, 113 S.Ct. 1913, 1915, 123 L.Ed.2d 598 (1993) ("[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline.") No like provision exists in the statutory definition of "violent felony."

The application note following § 4B1.4 explicitly states that "[t]he definitio[n] of "violent felony" ... in 18 U.S.C. § 924(e) ... [is] not identical to the definitio[n] of 'crime of violence' ... used in § 4B1.1." It is important to note that the phrases "crime of violence" and "violent felony," as employed in the guidelines and in § 924(e) respectively, are distinctly worded terms of art that, while apparently similar, are not interchangeable. Section 924(e), for instance, is far broader in scope than § 4B1.1, and explicitly encompasses within its reach the commission of any juvenile offense that would constitute a felony if committed by an adult. Language pertaining to juvenile convictions is notably absent from the text of either § 4B1.1 or its definitional section, § 4B1.2. Nonetheless, we conclude that the two expressions are not conceptually distinguishable for purposes of the narrow question raised in this appeal. The only language in either § 4B1.2 or § 924(e) that might implicate the level of violence involved in the possession of a firearm is that which proscribes "conduct that presents a serious potential risk of physical injury to another." As stated previously, courts interpreting §§ 4B1.1 and 4B1.2, prior to the commentary that binds courts on this issue, almost uniformly held that possession of a firearm by a convicted felon does not

---

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.