May 30, 1996 [NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT



No. 95-2252

UNITED STATES,

Appellee,

v.

ADEDAPO OMISORE,

Defendant, Appellant.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Joseph L. Tauro, Chief U.S. District Judge] 



Before

Torruella, Chief Judge, 
Boudin and Lynch, Circuit Judges. 



Norman S. Zalkind and Zalkind, Rodriguez, Lunt & Duncan on brief 
for appellant.





Per Curiam. Defendant-appellant Adedapo Omisore 

appeals from the district court judgment revoking his

supervised release. We affirm.

I. Due Process 

Omisore argues that the district court violated due

process by failing to make written findings explaining its

revocation decision and by denying his motion to inspect

certain probation records. Neither argument is availing. 

A. Written Findings 

Omisore contends that the district court's failure

to express in writing "the evidence relied on and reasons for

revoking parole" violated the minimum due process

requirements established by Morrisey v. Brewer, 408 U.S. 471, 

489 (1972). Because Omisore did not seek a written statement

from the district court, we consider his argument under the

"plain error" standard. See United States v. Whalen, No. 95- 

1816, slip op. at 4 (1st Cir. April 25, 1996). 

"Virtually every court to have considered the issue

has held that 'oral findings, if recorded or transcribed, can

satisfy the requirements of Morrissey when those findings 

create a record sufficiently complete to advise the parties

and the reviewing court of the reasons for the revocation of

supervised release and the evidence the decision maker relied

upon.'" Whalen, slip op. at 4 - 5 (quoting United States v 

Copeland, 20 F.3d 412, 414 (11th Cir. 1994). For the 

-2-

following reasons, we conclude that the record is

sufficiently complete to advise the parties and this court of

the reasons for the revocation and the evidence relied upon

by the district court.

It is clear from the transcript of the revocation

hearing that the court viewed the dispositive issue as

whether or not Omisore's conduct on the evening of August 14,

1995, violated the terms of his supervised release. The

government presented evidence only concerning the August

arrest and excluded evidence on the charge of receiving a

stolen vehicle. When the defense attorney remarked that

there was no evidence that Omisore had passed a stolen credit

card, the court responded, "Well, I think I have heard

plenty." When the defense attorney was making his final

argument at the close of the hearing, the court directed him

to "[c]oncentrate on the credit card."

Within this context, the court's stated finding

that Omisore had violated the conditions of his release

contained within it an implicit finding that Omisore had

attempted to purchase goods with a stolen credit card.

Accordingly, although it would have been preferable if the

district court had more clearly articulated its findings and

reasons for revoking Omisore's supervised release, its

failure to do so did not constitute plain error.

-3-

B. Denial of Motion to Inspect Probation Records 

Omisore argues that in denying his motion, the

district court violated his due process right to "disclosure

. . . of evidence against him." Morrissey, 408 U.S. at 489. 

See also Fed. R. Crim. P. 32.1(a)(2)(B). The probation 

records were not used as evidence against Omisore, however.

The technical violations of failure to timely report to the

probation officer were continued by the district court

without a finding. Moreover, the court directed the

probation department to supply the dates of contact, which

were recited in court. The evidence against Omisore

consisted of testimony by witnesses at the revocation hearing

regarding Omisore's use of a stolen credit card. That

evidence was fully disclosed to Omisore.

Omisore argues that the testimony regarding

frequent meetings between Omisore and members of the FOCTF,

despite denials that Omisore was being used as an informant,

"should have alerted the court to the fact that the

chronological entries, which logged the probation officer's

supervision of Mr. Omisore, may well have contained

information which corroborated Mr. Omisore's contentions or

impeached the witnesses or both." Omisore never expressly

argued the purposes for which he sought the records, however.

Under those circumstances, the district court did not err in

denying Omisore's motion.

-4-

II. Merits of Revocation Decision  

"[O]n appeal [from a decision revoking supervised

release], [this court] consider[s] the evidence in the light

most favorable to the government." United States v. Portalla, 

985 F.2d 621, 622 (1st Cir. 1993). Viewed in this light, and

recognizing "the district court's broad legal power to

determine witness credibility," id., the record contains 

sufficient evidence to meet the "preponderance of evidence"

standard.

Omisore argues that "[n]othing in the record

establishes that Mr. Omisore possessed or actually used the

stolen credit card." The record contains the following

evidence that Omisore was the one who passed the stolen card.

Ruth Corliss, the cashier, identified Omisore in court as the

man who gave her the card. Although she subsequently

indicated some slight uncertainty, she never confirmed the

defense attorney's suggestion that another man was with

Omisore and gave her the card. Reham Pasha Ahmad, a store

detective, testified that Omisore identified himself as the

owner of the card and gave a social security number and

birthdate in an attempt to prove ownership. The district

court did not clearly err in finding that Omisore attempted

to use a stolen credit card, in violation of the conditions

-5-

of his supervised release. There was no abuse of discretion.

The district court judgment revoking Omisore's

supervised release is summarily affirmed. See Loc. R. 27.1. 

-6-