USCA1 Opinion

 

 May 30, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-2252 UNITED STATES, Appellee, v. ADEDAPO OMISORE, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Joseph L. Tauro, Chief U.S. District Judge] _________________________ ____________________ Before Torruella, Chief Judge, ___________ Boudin and Lynch, Circuit Judges. ______________ ____________________ Norman S. Zalkind and Zalkind, Rodriguez, Lunt & Duncan on brief _________________ __________________________________ for appellant. ____________________ ____________________ Per Curiam. Defendant-appellant Adedapo Omisore ___________ appeals from the district court judgment revoking his supervised release. We affirm. I. Due Process ___________ Omisore argues that the district court violated due process by failing to make written findings explaining its revocation decision and by denying his motion to inspect certain probation records. Neither argument is availing.  A. Written Findings ________________ Omisore contends that the district court's failure to express in writing "the evidence relied on and reasons for revoking parole" violated the minimum due process requirements established by Morrisey v. Brewer, 408 U.S. 471, ________ ______ 489 (1972). Because Omisore did not seek a written statement from the district court, we consider his argument under the "plain error" standard. See United States v. Whalen, No. 95- ___ _____________ ______ 1816, slip op. at 4 (1st Cir. April 25, 1996).  "Virtually every court to have considered the issue has held that 'oral findings, if recorded or transcribed, can satisfy the requirements of Morrissey when those findings _________ create a record sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.'" Whalen, slip op. at 4 - 5 (quoting United States v ______ _____________ Copeland, 20 F.3d 412, 414 (11th Cir. 1994). For the ________ -2- following reasons, we conclude that the record is sufficiently complete to advise the parties and this court of the reasons for the revocation and the evidence relied upon by the district court. It is clear from the transcript of the revocation hearing that the court viewed the dispositive issue as whether or not Omisore's conduct on the evening of August 14, 1995, violated the terms of his supervised release. The government presented evidence only concerning the August arrest and excluded evidence on the charge of receiving a stolen vehicle. When the defense attorney remarked that there was no evidence that Omisore had passed a stolen credit card, the court responded, "Well, I think I have heard plenty." When the defense attorney was making his final argument at the close of the hearing, the court directed him to "[c]oncentrate on the credit card." Within this context, the court's stated finding that Omisore had violated the conditions of his release contained within it an implicit finding that Omisore had attempted to purchase goods with a stolen credit card. Accordingly, although it would have been preferable if the district court had more clearly articulated its findings and reasons for revoking Omisore's supervised release, its failure to do so did not constitute plain error. -3- B. Denial of Motion to Inspect Probation Records _____________________________________________ Omisore argues that in denying his motion, the district court violated his due process right to "disclosure . . . of evidence against him." Morrissey, 408 U.S. at 489. _________ See also Fed. R. Crim. P. 32.1(a)(2)(B). The probation ___ ____ records were not used as evidence against Omisore, however. The technical violations of failure to timely report to the probation officer were continued by the district court without a finding. Moreover, the court directed the probation department to supply the dates of contact, which were recited in court. The evidence against Omisore consisted of testimony by witnesses at the revocation hearing regarding Omisore's use of a stolen credit card. That evidence was fully disclosed to Omisore. Omisore argues that the testimony regarding frequent meetings between Omisore and members of the FOCTF, despite denials that Omisore was being used as an informant, "should have alerted the court to the fact that the chronological entries, which logged the probation officer's supervision of Mr. Omisore, may well have contained information which corroborated Mr. Omisore's contentions or impeached the witnesses or both." Omisore never expressly argued the purposes for which he sought the records, however. Under those circumstances, the district court did not err in denying Omisore's motion. -4- II. Merits of Revocation Decision  _____________________________ "[O]n appeal [from a decision revoking supervised release], [this court] consider[s] the evidence in the light most favorable to the government." United States v. Portalla, _____________ ________ 985 F.2d 621, 622 (1st Cir. 1993). Viewed in this light, and recognizing "the district court's broad legal power to determine witness credibility," id., the record contains ___ sufficient evidence to meet the "preponderance of evidence" standard. Omisore argues that "[n]othing in the record establishes that Mr. Omisore possessed or actually used the stolen credit card." The record contains the following evidence that Omisore was the one who passed the stolen card. Ruth Corliss, the cashier, identified Omisore in court as the man who gave her the card. Although she subsequently indicated some slight uncertainty, she never confirmed the defense attorney's suggestion that another man was with Omisore and gave her the card. Reham Pasha Ahmad, a store detective, testified that Omisore identified himself as the owner of the card and gave a social security number and birthdate in an attempt to prove ownership. The district court did not clearly err in finding that Omisore attempted to use a stolen credit card, in violation of the conditions -5- of his supervised release. There was no abuse of discretion. The district court judgment revoking Omisore's supervised release is summarily affirmed. See Loc. R. 27.1. _________ ________ ___ -6-