**[DO NOT PUBLISH]**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

----------------------------------------

**No. 04-16595**
**Non-Argument Calendar**

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 18, 2005
THOMAS K. KAHN
CLERK

D.C. Docket  No. 95-00055-CR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANK JAMES ABSTON, JR.,
a. k. a. Fred Abston,

Defendant-Appellant.

----------------------------------------------------------------

**Appeal from the United States District Court**
**for the Southern District of Alabama**

----------------------------------------------------------------

**(October 18, 2005)**

Before EDMONDSON, Chief Judge, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Defendant-Appellant Frank James Abston, Jr. appeals his sentence for violating the terms of his supervised release under 18 U.S.C. § 3583(e). No reversible error has been shown; we affirm.

In 1995, Abston pled guilty to one count of conspiracy to possess with intent to distribute crack cocaine in violation of 18 U.S.C. § 846. He was sentenced to serve 180 months in prison, which was later reduced to 120 months, and to complete 5 years supervised release which began in December 2003. In April 2004, Abston was arrested for violating the conditions of his release. After a hearing in the Southern District of Alabama, the court found Abston guilty of aiding and abetting in the possession with intent to distribute four pounds of marijuana. The court then revoked Abston's term of supervised release and sentenced him to serve 46 months in prison.

Pursuant to the requirements of 18 U.S.C. § 3583(d), Abston's term of supervised release included the condition that he "not commit another federal, state, or local crime during the term of supervision" nor that he "unlawfully possess a controlled substance." At the revocation hearing in the Southern District

of Alabama, the court heard testimony from Louisiana State Trooper Donald Pierce that on 6 April 2004 he pulled over a vehicle driven by Abston in which Abston's uncle, Clarence Lawson, was a passenger. Abston had a suspended driver's license but told Trooper Pierce he had left his license at home; he then provided a false name and birthdate. Abston later provided correct information only after Pierce confronted him. When asked about their travels, both Abston and Lawson lied to Pierce: Abston said he was coming from Baton Rouge, where he had picked up Lawson, but had "no idea" where he had been in Baton Rouge nor did he know anything about Baton Rouge. Lawson said they were coming from Houston, Texas, but that he was hitchhiking and had never met Abston before that day.[1]

After Abston initially hesitated, Pierce obtained his permission to search the car and discovered four pounds of marijuana in a backpack on the front passenger floor. Pierce testified that neither Abston nor Lawson acted shocked that Pierce found drugs in the car. At Abston's urging, Lawson admitted ownership of the drugs. Pierce "had no doubt," however, that Abston was aware of the drugs based

---

[1]The investigation later confirmed that both men were returning from Houston, Texas. Pierce explained the discrepancy to the court that Abston likely "was trying to distance himself from Texas because he knew law enforcement considers Texas as a source location for narcotics." Pierce concluded that Lawson likely "forgot the story."

on his observations and Abston's reactions. Abston did not dispute Pierce's testimony at the district court hearing.

The record further shows that Abston pled no contest in Louisiana state court to a misdemeanor charge of possession of marijuana. Abston contends his plea was made after the state court judge assured him that if he pled no contest he would not be admitting that he knew about the marijuana. The district court considered this plea among the evidence indicating that Abston committed a crime. An order by a Louisiana state judge subsequent to the district court's judgment appears to have dismissed the state prosecution. Abston argues that the district court erroneously relied on his state court plea as evincing guilt, and he submits he is entitled to a new revocation hearing because the state prosecution was dismissed.

18 U.S.C. § 3583(e) permits a district court to revoke a term of supervised release and to impose a prison sentence if the court "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." The district court found Abston guilty of violating his supervised release: 1) leaving the district without permission; 2) possessing a controlled substance; 3) committing a crime; and 4) associating with an individual engaged in criminal activity. We "review the district court's conclusion that appellant violated the

terms of his supervised release for abuse of discretion." United States v.

Copeland, 20 F.3d 412, 413 (11th Cir. 1994) (per curiam).

Before revoking the supervised release, the district court must consider

factors outlined in 18 U.S.C. § 3553 and the Federal Sentencing Guidelines to

determine the grade of the violation and the applicable penalty. 18 U.S.C. §

3583(e). See also id. § 3553(a)(4)(B). It is uncontroverted that Abston violated a

condition of his release by leaving the Southern District of Alabama without

permission. This violation alone subjected Abston to a recommended sentence of

7-13 months in prison. U.S.S.G. § 7B1.4 (recommending sentence for Grade C

violation by defendant with Criminal History Category V). At issue in this appeal

is whether Abston knew about the marijuana in his car. If Abston knew about the

drugs (as the district court so found by a preponderance of the evidence), he is

guilty of a Grade A violation[2] with a recommended sentence of 46-57 months.

U.S.S.G. § 7B1.4.

Abston claimed throughout the proceedings that he did not know about the

marijuana. The district court, however, credited Trooper Pierce's testimony over

---

[2]Grade A violations are "conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device of a type described in 26 U.S.C. § 5845(a); or (B) any other federal, state, or local offense punishable by a term of imprisonment exceeding twenty years." U.S.S.G. § 7B1.1(a)(1).

5

Abston's and relied on "the circumstantial evidence which does not lie" in concluding that Abston knew about the drugs. As we have stated previously: "The credibility of a witness is in the province of the factfinder and this court will not ordinarily review the factfinder's determination of credibility." Copeland, 20 F.3d at 413 (citing United States v. Billue, 994 F.2d 1562, 1563 (11th Cir. 1993)).

The district court did not abuse its discretion when it found that Abston knowingly aided and abetted his uncle in possessing marijuana with intent to distribute. The record includes evidence that Abston lied about who he was and where he was going, hesitated before consenting to a search of his car, did not seem surprised to learn that drugs were found in his car, and urged his passenger to admit ownership of the drugs. As the district court explained: "You lied about your name, you lied about going to Houston. There's also testimony that you were not shocked when the marijuana was recovered or uncovered from the bag, indicating that you had knowledge that it was there." This evidence provided a sufficient factual basis for the district court to conclude by a preponderance of the evidence that Abston committed a crime and violated his supervised release.

Abston's assertion that the district court erroneously relied on his state court plea is without merit. Abston's supervised release was revoked, in part, because he--in fact--committed a crime in violation of the conditions of his release. It is

not necessary that the underlying crime at issue in release-revocation proceedings be the subject of an independent prosecution. When classifying supervised release violations, the Sentencing Guidelines instruct courts that violations of the condition against committing crimes

> may be charged *whether or not* the defendant has been the subject of a separate federal, state, or local prosecution for such conduct. The grade of violation does not depend upon the conduct that is the subject of criminal charges or of which the defendant is convicted in a criminal proceeding. Rather, the grade of the violation is to be based on the defendant's *actual conduct*.

U.S.S.G. § 7B1.1(a)(1) (2004) comment. (n.1) (emphasis added).

Because Grade A violations are to be determined based on actual conduct, it is immaterial whether the state of Louisiana vacated Abston's conviction. The record below includes ample testimonial and circumstantial evidence of Abston's actual conduct to support the district court's findings even when considered independent of his plea in state court. Nothing in the record indicates that Abston's state court plea was given any greater weight than the myriad of other facts used to establish his actual conduct. We therefore conclude that the district court did not abuse its discretion in revoking Abston's supervised release and sentencing him to 46 months in prison.

**AFFIRMED.**