[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14108
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 26, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:09-tp-20005-FAM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALFREDO CESPEDES,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 26, 2012)

Before TJOFLAT, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Alfredo Cespedes appeals the revocation of his supervised release on the

ground that the district court violated his Sixth Amendment rights at his revocation

hearing when it admitted a testimonial hearsay statement from an unavailable

witness. He contends that the district court erred in applying *United States v. Frazier*, 26 F.3d 110 (11th Cir. 1994), as controlling precedent for the admission of hearsay evidence in revocation hearings. He argues that the district court should have followed the more recent Supreme Court cases of *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354 (2004), and *Davis v. Washington*, 547 U.S. 813, 126 S. Ct. 2266 (2006). Cespedes does not argue that the district court misapplied *Frazier*. After reviewing the record and the parties' briefs, we affirm the district court.

We review a district court's decision to revoke supervised release only for abuse of discretion. *United States v. Copeland*, 20 F.3d 412, 413 (11th Cir. 1994) (per curiam). "We review *de novo* the scope of constitutional rights." *United States v. Cantellano*, 430 F.3d 1142, 1144 (11th Cir. 2005) (per curiam).

The Supreme Court has explained that the "full panoply of rights due a defendant" at trial does not apply in a supervised release revocation hearing. *Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S. Ct. 2593, 2600 (1972) (discussing a revocation of parole); *Copeland*, 20 F.3d at 414 (applying *Morrissey* to revocation of supervised release). Federal Rule of Criminal Procedure 32.1(b)(2)(C) also provides that a defendant is entitled to question an adverse witness in a revocation hearing unless the court determines that the interest of justice does not require the

witness to appear. The revocation hearing should be informal and flexible enough for the court "to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial." *Morrissey*, 408 U.S. at 489, 92 S. Ct. at 2604.

We review the admission of an absent witness's hearsay statements at a revocation hearing under the balancing test articulated in *Frazier*, 26 F.3d at 112. This test requires the district court to consider the reliability of the hearsay statement and to balance the defendant's right to confront adverse witnesses against the government's asserted grounds for denying confrontation. *Id.* at 114. Cespedes requests that we overturn *Frazier* in light of *Crawford* and *Davis*. *Crawford* created a standard to control the admissibility of testimonial hearsay statements *during criminal trials*. 541 U.S. at 53-54, 124 S. Ct. at 1365. The Supreme Court has not indicated that this standard extends to revocation hearings. Therefore, we are bound by *Frazier*, and the district court did not abuse its discretion in applying *Frazier*.

Accordingly, we affirm the judgment of the district court.

**AFFIRMED.**

3