[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-13479
Non-Argument Calendar
_____

D.C. Docket No. 3:09-cr-00306-TJC-MCR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHARON KELLER BAKER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 15, 2012)

Before DUBINA, Chief Judge, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Appellant Sharon Keller Baker appeals the district court's modification of

her conditions of supervised release, following her failure to comply with her original conditions of supervised release.  As part of her original sentence, Baker was required to spend five months in a Residential Re-Entry Center program.  She was unsuccessfully discharged from Keeton, her assigned program, before the completion of her term.

On appeal, she argues that the district court abused its discretion by finding that she violated her conditions of supervised release for failing to complete her five-month program at Keeton.  She contends that Keeton failed to provide her with notice and a hearing, as was required by Keeton's handbook, before discharging her from the program.  She asserts that this was a violation of her due process rights, and she should not have been found to be in violation of her supervised release.

We review the modification of supervised release under 18 U.S.C. § 3583(e) for abuse of discretion.  *See United States v. Zinn*, 321 F.3d 1084, 1087 (11th Cir. 2003) (noting that court reviews the district court's sentence of supervised release for abuse of discretion); *see also United States v. Copeland*, 20 F.3d 412, 413 (11th Cir. 1994) (stating that court reviews for abuse of discretion a district court's conclusion that an appellant violated the terms of his supervised release).  This standard of review recognizes the range of possible conclusions that a district

2

court may reach, and "we must affirm unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard." *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (*en banc*).

Rule 32.1 of the Federal Rules of Criminal Procedure permits a district court to modify the conditions of supervised release after holding a hearing at which the individual has the right to counsel and an opportunity to make a statement and present any mitigating information. Fed.R.Crim.P 32.1(c)(1). The district court's disposition of the case is governed by 18 U.S.C. § 3583. Fed.R.Crim.P 32.1(d). Under § 3583, after considering the factors listed at 18 U.S.C. §§ 3553(a)(1), 3553(a)(2)(B)-(D), and 3553(a)(4)-(7), a district court may "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release." 18 U.S.C. § 3583(e)(2).

We conclude from the record that the district court did not abuse its discretion in modifying the conditions of Baker's supervised release. Baker failed to fulfill her five-month term at Keeton before she was unsuccessfully discharged from the program for her poor behavior and rule violations. After allowing her to present mitigating arguments and considering the § 3553(a) factors, the district court modified the conditions of Baker's supervised release. *See* 18 U.S.C.

3

§ 3583(d); Fed.R.Crim.P. 32.1.  Though Baker argues that Keeton did not afford her sufficient due process before discharging her from the program, she does not explain how this constituted an abuse of discretion on the part of the district court. Because Baker violated her conditions of supervised release and the district court complied with Rule 32.1 and § 3583(e)(2), we hold the district court did not abuse its discretion in modifying her conditions of supervised release.  Accordingly, we affirm the district court's order modifying Baker's conditions of supervised release.

**AFFIRMED**.