[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-12315

_____

D.C. Docket No. 0:13-cv-61225-RSR

STIG SOLNES,

Plaintiff - Appellant,

versus

WALLIS & WALLIS, P.A.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 8, 2015)

Before MARCUS and WILSON, Circuit Judges, and SCHLESINGER,[*] District
Judge.

_____

[*] Honorable Harvey E. Schlesinger, United States District Judge for the Middle District of
Florida, sitting by designation.

PER CURIAM:

This is the case of a yacht sale that never was.  Stig Solnes ("Solnes") paid $300,000.00 for a yacht that the seller never delivered.  Wallis & Wallis, P.A. ("WWPA"), accepted the money, on the seller's behalf as an escrow agent, and forwarded it to the seller, even though, Solnes contended, WWPA knew that the yacht in question had been sold to another buyer and would never be delivered.

Solnes initiated this action, and WWPA moved to dismiss the Complaint.  The district court granted in part and denied in part WWPA's motion.  In its ruling, the district court held that the language of the Vessel Purchase and Sale Agreement ("Agreement") between the seller and Solnes limited WWPA's implied-in-fact contractual liability to the deposit of $30,000.00, and barred any liability for misdelivery of the purchase price of $270,000.00.

Solnes responded with a three-count Amended Complaint alleging claims for breach of implied contract against Peter Wallis and WWPA, Counts I and II, for both the deposit and the balance paid on the yacht and a claim, Count III, for money had and received against WWPA.  Once again, WWPA sought to dismiss the Amended Complaint.  This time, however, the district court converted the pleading to a Motion for Summary Judgment, directed WWPA to file a statement of material facts and granted Solnes leave to respond.

2

In April 2014, the district court granted in part and denied in part the construed Motion for Summary Judgment. Solnes' claims against Wallis individually were dismissed, and the amount of damages Solnes could recover under the implied contractual theory was limited to the deposit—$30,000.00. However, the district court determined that a trial was necessary on the issue of whether there had been an early disbursement of the deposit monies by WWPA. Following a bench trial, the district court entered Judgment in favor of Solnes in the amount of $30,000.00 for breach of implied contract, Count II, and in favor of WWPA for money had and received, Count III.

This appeal presents four issues. First, whether the district court properly determined that the Agreement limited WWPA's "implied-in-fact" contractual liability to the deposit of $30,000.00, and barred any liability for misdelivery of the purchase price of $270,000.00. Second, whether the district court correctly concluded that no "new agreement" for the return of the entire $300,000.00 was created by a conversation between Solnes and Joan Wallis. Third, whether the district court's grant of summary judgment on Count II of the Amended Complaint, by finding that Wallis was not individually liable, was correct. Fourth, and finally, whether the district court correctly determined that WWPA was not liable for the entire purchase price of $300,000.00 based on a theory of money had and received.

3

We review a grant or denial of summary judgment *de novo*. *Carithers v. Mid-Continent Cas. Co.*, 782 F.3d 1240, 1245 (11th Cir. 2015). Summary judgment is appropriate only if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

"Following a bench trial, we review legal conclusions de novo and findings of fact for clear error." *Carithers*, 782 F.3d at 1245. "Under the clear error standard, we may reverse the district court's findings of fact if, after viewing all the evidence, we are left with the definite and firm conviction that a mistake has been committed." *Crystal Entm't & Filmworks, Inc. v. Jurado*, 643 F.3d 1313, 1319-20 (11th Cir. 2011) (internal quotations and citations removed). "'The credibility of a witness is in the province of the factfinder and this court will not ordinarily review the factfinder's determination of credibility.'" *Id.* at 1320 (quoting *United States v. Copeland*, 20 F.3d 412, 413 (11th Cir. 1994)).

After reviewing the record, we find the district court committed no error in determining that the language of the Agreement specifically limited WWPA's liability to $30,000.00 and barred any further liability for either WWPA or Wallis for the remaining $270,000.00.

Accordingly, we affirm the district court's opinion.

**AFFIRMED.**