[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-11379
Non-Argument Calendar

_____

D.C. Docket No. 5:03-cr-00054-MCR-3


UNITED STATES OF AMERICA,

Plaintiff-Appellee,


versus


TREMAYNE NADATRA PACE,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 4, 2017)


Before HULL, WILSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Tremayne Pace appeals the revocation of his supervised release, pursuant to 18 U.S.C. § 3583(e). He argues that the district court erred by relying on false/unreliable hearsay statements to revoke supervised release and impose a sentence.

We review the district court's determination that a defendant violated the terms of his supervised release for an abuse of discretion. *United States v. Copeland*, 20 F.3d 412, 413 (11th Cir. 1994). A district court's findings of fact in a revocation hearing are reviewed for clear error. *United States v. Almand*, 992 F.2d 316, 318 (11th Cir. 1993). Clear error will be present when we are left with a definite and firm conviction that a mistake has been committed. *United States v. Crawford*, 407 F.3d 1174, 1177 (11th Cir. 2005). "Where a fact pattern gives rise to two reasonable and different constructions, the factfinder's choice between them cannot be clearly erroneous." *United States v. Almedina*, 686 F.3d 1312, 1315 (11th Cir. 2012) (quotations omitted). We review *de novo* challenges to the constitutionality of a defendant's sentence. *United States v. Chau*, 426 F.3d 1318, 1321 (11th Cir.2005).

A court may revoke a defendant's term of supervised release and impose a prison sentence when it finds by a preponderance of the evidence that the

2

defendant violated a condition of his supervised release. 18 U.S.C. § 3583(e)(3). A district court is required to revoke supervised release for possession of a controlled substance. 18 U.S.C. § 3583(g)(1). The Federal Rules of Evidence do not apply in supervised-release revocation proceedings; so hearsay statements may be admissible, provided certain minimal due-process requirements are met. *United States v. Frazier*, 26 F.3d 110, 113–14 (11th Cir.1994). Hearsay is a statement made by a declarant to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801(c). A "statement" may be either a person's oral or written assertion, and a "declarant" is the person who made the statement. Fed. R. Evid. 801 (a), (b). Hearsay within hearsay will be admissible when both conform to the requirements of a hearsay exception. Fed. R. Evid. 805. To comply with due-process requirements, generally, before admitting hearsay testimony, the district court must balance the defendant's right to confront adverse witnesses against the grounds asserted by the government for denying confrontation. *Frazier*, 26 F.3d at 114.

A defendant has a due-process right not to be sentenced or have his supervised release revoked based on false or unreliable evidence. *See United States v. Ghertler*, 605 F.3d 1256, 1269 (11th Cir. 2010) (concerning sentencing); *Frazier*, 26 F.3d at 114 (concerning supervised release revocation). To prevail on such a due-process challenge, "a defendant must show (1) that the challenged evidence is materially false or unreliable and (2) that it actually served as the basis

3

for the sentence." *Ghertler*, 605 F.3d at 1269; *see also United States v. Taylor*, 931 F.2d 842, 847 (11th Cir. 1991) (applying this test to a probation revocation hearing and analogizing such hearings to sentencing hearings); *Frazier*, 26 F.3d at 113-14 ("no significant conceptual difference between the revocation of probation or parole and the revocation of supervised release").

The district court did not err by relying on hearsay statements to revoke supervised release and impose a sentence. The hearsay statement was admissible at the revocation hearing when Pace had the opportunity to cross-examine the hearsay declarants. Pace has not carried the burden to show that the hearsay statement was false or unreliable or that the hearsay was the basis for the sentence. About reliability, despite inconsistencies in some testimony, the statement was made on the day of the event, and the statement was later confirmed as true. The district court could credit it. Pace also failed to show that the hearsay statement was the basis for the sentence; given the drug-related evidence and violations, Pace would have been eligible for revocation and the same sentence without the hearsay statement.

**AFFIRMED.**