[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17111
Non-Argument Calendar
_____

D.C. Docket No. 3:08-cr-00326-HES-JRK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES ROBERT COTTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 16, 2017)

Before WILLIAM PRYOR, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

James Cotter appeals the revocation of his supervised release, 18 U.S.C.

§ 3583(e)(3), for possessing child pornography. Cotter argues that there is

insufficient evidence that he violated the conditions of his supervised release and that the district court clearly erred when it found that the recantation of his confession was not credible. We affirm.

We review a ruling that a defendant violated the terms of his supervised release for an abuse of discretion. *United States v. Copeland*, 20 F.3d 412, 413 (11th Cir. 1994). Credibility determinations are the province of the fact finder who personally observes the witnesses and is in a better position than a reviewing court to assess their credibility. *United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002).

The district court did not abuse its discretion when it revoked Cotter's supervised release. The district court was entitled to find by a preponderance of the evidence that, on October 14, 2014, while on supervised release, Cotter knowingly possessed child pornography and that he admitted that, on March 17, 2016, he accessed the internet using a cell phone and a tablet device to download child pornography. Circumstantial evidence supports the inference that Cotter had access to and used a secure digital memory card to obtain child pornography. And the district court did not clearly err when it discredited Cotter's recantation of his earlier confession. The district court was entitled to find that Cotter's admissions about viewing images of males but not females were credible. We affirm.

**AFFIRMED.**

2