[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13886
Non-Argument Calendar
_____

D.C. Docket No. 1:89-cr-00425-ODE-ECS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN ALLEN SMITH,
a.k.a D.B.,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 16, 2019)


Before JORDAN, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

John Allen Smith appeals his 37-month sentence, which was imposed after the district court revoked his supervised release.  Smith contends the district court erred by sentencing him based on a Grade-A violation of supervised release, because there was insufficient evidence to find he possessed cocaine with intent to distribute.  After review,[1] we affirm.

The district court's finding that Smith possessed cocaine with intent to distribute was not clearly erroneous.  Clear error is present when we are "left with a definite and firm conviction that a mistake has been committed."  *United States v. Crawford*, 407 F.3d 1174, 1177 (11th Cir. 2005) (quotation omitted).  Credibility determinations are the province of the factfinder.  *United States v. Copeland*, 20 F.3d 412, 413 (11th Cir. 1994).  And the district court's choice between two permissible views of the evidence cannot be clearly erroneous.  *See Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 574 (1985); *United States v. Rodriguez De Varon*, 175 F.3d 930, 945 (11th Cir. 1999).

Here, the arresting officer testified he found six small bags of crack cocaine in Smith's vehicle, along with two bags of powder cocaine.  Smith testified that, although he was convicted for selling cocaine in the past, he was not aware there was cocaine in his car at the time of his arrest, and he did not intend to distribute

---

[1] We review for reasonableness a sentence imposed upon revocation of supervised release.  *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).  The district court's factual findings are reviewed for clear error, and its application of the Guidelines to the facts is reviewed de novo.  *United States v. McGuinness*, 451 F.3d 1302, 1304 (11th Cir. 2006).

2

cocaine. According to Smith, the cocaine must have belonged to the woman whom he picked up for purposes of engaging in prostitution. Smith also admitted he was carrying $3,200 in cash at the time of his arrest, which he asserted was acquired through his legitimate employment.

Because Smith chose to testify, he ran the risk that, if disbelieved, the district court "might conclude the opposite of his testimony is true." *United States v. Brown*, 53 F.3d 312, 314 (11th Cir. 1995). Although Smith arguably provided a plausible explanation for how the drugs ended up in his car, the district court was free to disbelieve that explanation. Indeed, based on Smith's testimony, the district court was free to conclude both that Smith knew the drugs were in his car and that he intended to distribute them. *See id.* ("[A] statement by a defendant, if disbelieved by the [factfinder], may be considered as *substantive evidence* of the defendant's guilt.") When paired with the arresting officer's testimony concerning the individually packaged portions of cocaine, and Smith's admission that he was carrying $3,200 cash, the evidence was sufficient for the district court to conclude Smith more likely than not possessed cocaine with intent to distribute. *See id.* at 314–15. Accordingly, the district court did not err by sentencing Smith based on its finding that Smith committed a Grade-A violation of his supervised release.

**AFFIRMED.**

3