[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-10965

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

FREDRICO PACHECO-ROMERO,
a.k.a. Fredy

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:19-cr-00077-LMM-RGV-1

2                        Opinion of the Court                        20-10965

_____

_____

No. 20-10970

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CARLOS MARTINEZ,
a.k.a. Carlos,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:19-cr-00077-LMM-RGV-4

_____

Before WILSON, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Appellants Fredrico Pacheco-Romero and Carlos Martinez argue that they should be permitted to withdraw the guilty pleas they entered in their criminal cases. After careful consideration, we remand the case for further proceedings.

## I.

Pacheco and Martinez were charged, along with four other co-defendants, with one count of conspiring to possess with intent to distribute at least 500 grams or more of a mixture and substance containing methamphetamine.[1] Initially, all six defendants retained the same attorneys—Jerome Lee and Stephen Brown-Bennett of the law firm Taylor, Lee & Associates ("TLA"). Unsurprisingly, the district court found that there was a conflict of interest in the lawyers' joint representation of the co-defendants and disqualified Jerome Lee and Bennett, along with TLA, from representing any of the defendants.

After the district court disqualified TLA, Jerome Lee, and Bennett, TLA found new attorneys for Pacheco, Martinez, and at least some of the other co-defendants. Attorney Paula Lee represented Pacheco,[2] and attorney Angela Brown represented Martinez. Paula Lee and Brown collected retainers to represent

---

[1] Because we write only for the parties, who are already familiar with the facts and proceedings in the case, we include only what is necessary to explain our decision.

[2] Paula Lee and Jerome Lee are not related. Paula Lee is a former employee of TLA. Her employment ended several months before the defendants were charged in this case.

Pacheco and Martinez, respectively. Some evidence in the record suggests that TLA paid these retainers in cash.

While represented by Paula Lee and Brown, Pacheco and Martinez pled guilty. At the sentencing hearings that followed, the district court calculated Pacheco's guidelines range as life imprisonment and Martinez's guidelines range as 360 months' to life imprisonment. Ultimately, the district court imposed sentences of 262 months and 240 months, respectively. After they were sentenced, Pacheco and Martinez both filed notices of appeal and were appointed new counsel.

The attorneys appointed for the appeals uncovered information that they believed showed that Paula Lee and Brown were operating under conflicts of interest while representing Pacheco and Martinez. While the direct appeals were pending, Pacheco and Martinez filed motions in the district court seeking indicative rulings[3] about whether the district court would allow them to withdraw their guilty pleas on the ground that the pleas were not knowing and voluntary.

---

[3] Once a notice of appeal is filed in a case, the district court is "divest[ed] of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). But even when an appeal is pending, a district court may issue an indicative ruling reflecting how it would rule on an issue if it had jurisdiction. The appellate court then may remand the case to allow the district court to issue a ruling. *See* Fed. R. App. P. 12.1; Fed. R. Crim. P. 37.

20-10965                Opinion of the Court                5

We previously ordered a limited remand to allow the district court to decide whether to allow Pacheco and Martinez to withdraw their pleas. On remand, the district court held a two-day evidentiary hearing. But because the district court interpreted our remand order as authorizing it to do nothing more than hold an evidentiary hearing, the court made no factual findings and did not decide whether to exercise its discretion to permit Pacheco and Martinez to withdraw their pleas.

After the evidentiary hearing, the parties submitted briefing to this Court. Pacheco and Martinez urge us to allow them to withdraw their pleas because Paula Lee and Brown had conflicts of interest and those conflicts adversely affected the attorneys' representation. Alternatively, Pacheco and Martinez ask us to remand to the district court for it to make findings of fact and decide the plea-withdrawal issue in the first instance. In contrast, the government says we should conclude that Pacheco and Martinez cannot withdraw their pleas because they failed to show that their attorneys had a conflict of interest or that any conflict adversely affected the attorneys' representation.

**II.**

The question of whether to allow a defendant to withdraw his guilty plea belongs to the discretion of the district court. *See United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006). It is thus for the district court to decide in the first instance whether Pacheco and Martinez should be allowed to withdraw their pleas. Because the district court has not yet ruled on the motions to withdraw the

pleas, we conclude that remand is necessary. This approach is consistent with our general practice that when a district court has yet to decide an issue that we review for abuse of discretion, we remand so that the district court "in the first instance" may decide whether to exercise its discretion. *Smith v. Casey*, 741 F.3d 1236, 1243 n.7 (11th Cir. 2014).

Remand is also appropriate because the district court will need to make factual findings to decide whether to permit Pacheco and Martinez to withdraw their pleas on the basis that the pleas were unknowing and involuntary. The parties agree that for the pleas to be considered unknowing and involuntary, Pacheco and Martinez must show that their counsel had an actual conflict of interest and that the conflict adversely affected counsels' performance. *See Pegg v. United States*, 253 F.3d 1274, 1277 (11th Cir. 2001). As the parties' briefs illustrate, the questions of whether Paula Lee and Brown had conflicts of interest and what impact any conflicts had on their performance require a factfinder to resolve disputed questions of fact. Remand is necessary to allow the district court to make these factual findings. *See Pullman-Standard v. Swint*, 456 U.S. 273, 291–92 (1982) (explaining that "[f]actfinding is the basic responsibility of district courts, rather than appellate courts" and that appellate courts "should not . . . in the first instance" resolve a factual dispute (internal quotation marks omitted)); *Norelus v. Denny's Inc.*, 628 F.3d 1270, 1289 (11th Cir. 2010) (stating the "factfinding function . . . belongs . . . in the district court, not in this Court"). It will also afford the district court judge, who observed the witnesses at the evidentiary hearing, the opportunity to make credibility

20-10965                Opinion of the Court                7

determinations. *See United States v. Copeland*, 20 F.3d 412, 413 (11th Cir. 1994) (explaining that credibility determinations are "the province of the factfinder").

The government asserts that remand is unnecessary because there is no evidence in the record to support Pacheco's and Martinez's positions that Paula Lee and Brown had actual conflicts of interest and that these conflicts adversely affected the representation.[4] It is true that we have not required remand to the district court for factual findings on issues related to conflicts of interest when "the record was clear as to the factual circumstances." *Reynolds v. Chapman*, 253 F.3d 1337, 1347 (11th Cir. 2001); *see also Smith v. White*, 815 F.2d 1401, 1407 (11th Cir. 1987) (concluding remand was not required when the habeas petitioner "completely failed to present any evidence at the evidentiary hearing" showing that his attorney had an actual conflict of interest). After careful consideration, we cannot agree with the government that there is no evidence to support Pacheco's and Martinez's positions such that we may decide in the first instance whether Pacheco and Martinez's

_____

[4] The government also suggests that Pacheco and Martinez failed to raise any argument in the district court challenging the district court's interpretation of the remand order as requiring this Court, as opposed to the district court, to decide whether to permit Pacheco and Martinez to withdraw their pleas. We disagree. In their motions for indicative ruling, Pacheco and Martinez asked the district court to decide these issues. And after the evidentiary hearing, Pacheco and Martinez again requested that the district court resolve these issues in the first instance.

pleas were knowing and voluntary. We thus conclude that remand is necessary.

Accordingly, we **REMAND** for the district court to rule on whether Pacheco and Martinez may withdraw their guilty pleas. In deciding whether to permit withdrawal of the pleas, the district court may make any necessary factual findings and credibility determinations.

**REMANDED.**