[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12676

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

SANTIAGO SALCEDO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:14-cr-20286-CMA-16

_____

Before JILL PRYOR, BRANCH, and BLACK, Circuit Judges.

PER CURIAM:

Santiago Salcedo appeals the revocation of his supervised release based on the district court's determination that he violated the conditions of his supervised release by committing the offense of simple battery. He asserts his due process rights were violated by the admission of an identifying text message containing hearsay into evidence at his revocation hearing. The text message was between the victim, M.M., and her 16-year-old daughter, neither of whom testified at the hearing. The text message was admitted through the testimony of M.M.'s mother, Reyna Morales. After review,[1] we affirm the district court.

A defendant's supervised release may be revoked if the district court finds by a preponderance of the evidence that "the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). The preponderance of the evidence standard "simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." *United States v. Trainor*, 376 F.3d 1325, 1331 (11th Cir. 2004) (quotation marks omitted).

---

[1] "We review a district court's evidentiary rulings for an abuse of discretion." *United States v. Eckhardt*, 466 F.3d 938, 946 (11th Cir. 2006). A district court's conclusion that a defendant violated the terms of his supervised release is reviewed for abuse of discretion. *United States v. Copeland*, 20 F.3d 412, 413 (11th Cir. 1994). We review questions of constitutional law *de novo*. *United States v. Whatley*, 719 F.3d 1206, 1213 (11th Cir. 2013).

Under the Federal Rules of Evidence, hearsay is an out-of-court statement offered "to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). The Federal Rules of Evidence generally prohibit hearsay. Fed. R. Evid. 802. "Although the Federal Rules of Evidence do not apply in supervised release revocation hearings, the admissibility of hearsay is not automatic." *United States* v. *Frazier*, 26 F.3d 110, 114 (11th Cir. 1994). A defendant is entitled to minimal due process requirements, including "the right to confront and cross-examine adverse witnesses." *Id.* In deciding whether to admit hearsay, the district "court must balance the defendant's right to confront adverse witnesses against the grounds asserted by the government for denying confrontation." *Id.* The district court must also determine that the statement is reliable. *Id.* The district court's failure to make such findings violates a defendant's right to due process. *Id.* Nonetheless, a district court's failure to make findings pursuant to the balancing or reliability tests is reviewed for harmless error. *Id.*

The district court did not abuse its discretion in admitting the text message because it conducted a *Frazier* analysis and implicitly found the text message to be reliable. Particularly, the court balanced Salcedo's right to confront adverse witnesses against the Government's argument that it did not wish to bring the 16-year-old who received the text messages into court and that many domestic violence victims such as M.M. do not wish to testify. *See Frazier*, 26 F.3d at 114. After Salcedo objected to the introduction of the text messages between M.M. and her daughter, the court questioned the Government about the reliability of the text

messages, particularly by asking clarifying questions to the Government's witness Morales. The court's dialogue between the parties and Government's witness, as well as its decision to permit Salcedo to conduct voir dire of the witness before it decided to overrule the objection, show that it conducted a *Frazier* analysis and determined the evidence was reliable.

Further, the court's *Frazier* analysis was proper because it conducted a dialogue with the Government and Morales to learn more information about the origin of the text message and why the sender and the receiver were not testifying. It acknowledged that many domestic violence victims, such as M.M., do not wish to testify and learned through Salcedo that M.M. would testify to the opposite of the message. It further learned the Government did not want to have M.M.'s 16-year-old daughter testify. Additionally, the court found the text message to be reliable because Morales testified (1) about how she obtained the message, (2) that Salcedo was known as "Chino," (3) about the messages that she personally received from M.M. regarding the assault, (4) about what the messages led Morales to do, and (5) about her knowledge of M.M. and Salcedo's past relationship. Further, the events of May, 23, 2023—when police officers located M.M. with Salcedo and found M.M. in a physical condition consistent with the text messages—further corroborated the text message.

The court did not abuse its discretion or violate Salcedo's due process rights in admitting the text message identifying Salcedo. The court did not abuse its discretion in finding Salcedo

23-12676                Opinion of the Court                5

violated his supervised release by committing the offense of simple battery.  Accordingly, we affirm.

**AFFIRMED.**