[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10318
Non-Argument Calendar
_____

D.C. Docket No. 4:07-cr-00050-SPM-WCS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUS DASHER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____
(September 12, 2012)

Before DUBINA, Chief Judge, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Gus Dasher appeals the district court's judgment revoking his

supervised release and imposing a ten-month sentence of imprisonment pursuant to 18 U.S.C. § 3583(e)(3).  The district court found that Dasher committed six violations of his supervised release conditions, including violating state laws, failing to submit monthly reports, failing to notify his probation officer when arrested or questioned by law enforcement, and failing to notify his probation officer of a change in address.  On appeal, Dasher argues that the district court erred by failing to make explicit findings about the evidence and reasons it relied upon in revoking his supervised release.

We generally review a district court's revocation of supervised release for an abuse of discretion.  *United States v. Frazier*, 26 F.3d 110, 112 (11th Cir. 1994).  However, where an objection is raised for the first time on appeal, we review for plain error.  *United States v. Gresham*, 325 F.3d 1262, 1265 (11th Cir. 2003).  To prevail under the plain-error standard, a defendant must show that: "(1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." *Id.*  With regard to whether an error affected substantial rights, "[i]n most cases, a court of appeals cannot correct the forfeited error unless the defendant shows that the error was prejudicial." *United States v. Olano*, 507 U.S. 725, 734, 113 S. Ct. 1770, 1778, 123 L. Ed. 2d 508 (1993).

2

"Under 18 U.S.C. § 3583(e), a district court may, upon finding by a preponderance of the evidence that a defendant has violated a condition of supervised release, revoke the term of supervised release and impose a term of imprisonment after considering certain factors set forth in 18 U.S.C. § 3553(a)." *United States v. Sweeting*, 437 F.3d 1105, 1107 (11th Cir. 2006); *see also* 18 U.S.C. § 3583(e)(3). In *United States v. Copeland,* we clarified that due process requires the district court to state "the reasons for the revocation of supervised release and the evidence the decision maker relied upon." *Copeland*, 20 F.3d 412, 414 (11th Cir. 1994). See *also Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S. Ct. 2593, 2604, 33 L. Ed. 2d 484 (1972) (holding that, to satisfy due process in the context of parole revocation, the factfinder must issue a statement as to the evidence relied on and the reasons for revocation). Moreover, "general conclusory reasons . . . do not meet [the] due process requirement that the revoking judge state the factual findings and the reasons relied upon for revocation." *United States v. Lacey*, 648 F.2d 441, 445 (5th Cir. Unit A June 1981). In *Copeland*, we concluded that the district court had provided sufficient reasons because it "set forth the specific witness testimony it relied upon in reaching its conclusions, its reasons for crediting [a] witness, and its justification for revoking appellant's supervised release." *Copeland*, 20 F.3d at 415.

3

We conclude from the record here that the district court erred by failing to state "the reasons for the revocation of supervised release and evidence the decision maker relied upon."  However, because Dasher raises this argument for the first time on appeal, we review for plain error only.  Dasher has not shown that the outcome of the proceedings below would have been different absent the error.  At the revocation hearing, Dasher conceded several violations and there was sufficient evidence presented for the district court to find that Dasher committed the violations that were contested.  Accordingly, we conclude that the district court did not plainly err because Dasher cannot show that the court's error affected his substantial rights.  Thus, we affirm the district court's judgment revoking Dasher's supervised release.

**AFFIRMED.**