[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10771
Non-Argument Calendar
_____

D.C. Docket No. 5:05-cr-00134-SLB-RRA-9

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PAUL RAY HINES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(December 23, 2013)

Before PRYOR, ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

Paul Ray Hines appeals the district court's revocation of his supervised release and imposition of an above-Guidelines 60-month sentence. While on supervised release, Hines was arrested in Tennessee for possession of cocaine with the intent to manufacture, sell, or deliver. At the revocation hearing, the district court admitted, over Hines' objection, an audio recording of an interview between Hines' probation officer, Matthew Worboys, and Detective Nemic, an officer who had knowledge of Hines' arrest. The district court also admitted into evidence, without an objection, Government's Exhibit 2, which was: (1) an arrest affidavit signed by Officer Hardison, the officer who transported Hines after his arrest; (2) a vehicle search consent form signed by Hines; (3) an evidence report; and (4) a field test report. Based on the evidence, the district court concluded that Hines had violated the conditions of his supervised release that ordered him (1) not to commit another federal, state, or local crime, and not to illegally possess a controlled substance, and (2) not to leave the Northern District of Alabama without permission.

On appeal, Hines argues the district court abused its discretion by admitting the hearsay audio recording without first balancing Hines' right to confront the adverse witness against the Government's proffered reasons for not providing the opportunity for cross-examination. He also contends his 60-month sentence is

2

substantively unreasonable. After review, we affirm Hines' revocation of supervised release and subsequently imposed sentence.

*Revocation of Supervised Release*

We review a district court's revocation of supervised release for abuse of discretion, *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008), and a district court's findings of fact for clear error. *United States v. Almand*, 992 F.2d 316, 318 (11th Cir. 1993).

A district court may "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release" if the court "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). However, the "full panoply of rights due a defendant" at trial do not apply in a supervised release revocation hearing. *See Morrissey v. Brewer*, 408 U.S. 471, 480 (1972) (discussing a revocation of parole); *see also United States v. Copeland*, 20 F.3d 412, 414 (11th Cir. 1994) (applying *Morrissey* to a revocation of supervised release). Rather, a defendant in a supervised release revocation proceeding is entitled to only the minimum requirements of due process, including "the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)." *Morrissey*, 408 U.S. at 489. In accordance with this standard, Federal Rule of Criminal Procedure 32.1(b)(2)(C) provides that a

defendant is entitled to an opportunity to question an adverse witness in a revocation hearing unless the court determines the interest of justice does not require the witness to appear. Fed. R. Crim. P. 32.1(b)(2)(C). The revocation procedure should be informal and flexible enough for the court "to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial." *Morrissey*, 408 U.S. at 489; *see also Gagnon v. Scarpelli*, 411 U.S. 778, 782 n.5 (1973) ("While in some cases there is simply no adequate alternative to live testimony . . . *Morrissey* [did not] intend to prohibit use where appropriate of the conventional substitutes for live testimony, including affidavits, depositions, and documentary evidence.").

In addition, the Federal Rules of Evidence do not apply in the context of a supervised release revocation hearing. *United States v. Frazier*, 26 F.3d 110, 114 (11th Cir. 1994). However, hearsay statements must be reliable in order to be admitted. *Id.* In deciding whether to admit the hearsay testimony of an absent witness, the district court must: (1) make findings that the hearsay was reliable and (2) "balance the defendant's right to confront adverse witnesses against the grounds asserted by the government for denying confrontation." *Id.* The failure to make specific findings of reliability or to conduct the balancing test is error. *Id.* However, the error is harmless if the properly considered evidence was sufficient to support the court's conclusion. *Id.*

We review the district court's admission of the audio recording of the interview for abuse of discretion because Hines objected during the revocation hearing. *See Velasquez Velasquez*, 524 F.3d at 1252 ("We generally review a district court's revocation of supervised release for an abuse of discretion."). We review Hines's objection to Government's Exhibit 2 for plain error because Hines failed to object during the revocation proceeding. *See United States v. Turner*, 474 F.3d 1265, 1275 (11th Cir. 2007) (stating that plain error review is appropriate where a defendant fails to preserve an evidentiary ruling through contemporaneous objection).

As to the audio recording, the district court abused its discretion by admitting this evidence without first engaging in the *Frazier* balancing test. *See Frazier*, 26 F.3d at 114. In response to Hines' objection that the audio recording was hearsay, the district court overruled the objection and stated that Hines had an "uphill battle" to demonstrate to the district court that he did not possess $4,000 or $5,000 worth of cocaine. When Hines renewed his objection to the audio recording, the district court summarily overruled it without explanation. Nothing in the record indicates the district court engaged in a balancing test whereby it considered Hines' right to confront adverse witnesses against the Government's proffered reasons for not having the witness testify in court. *See Frazier*, 26 F.3d at 114.

5

However, remand is not required because this error was harmless given that the other evidence in the record supports the district court's finding that Hines possessed cocaine. *See Frazier*, 26 F.3d at 114. Hines has not established the district court plainly erred by admitting Government's Exhibit 2. The district court implicitly determined the arrest affidavit was reliable by noting that (1) the arrest affidavit was written by Officer Hardison, who transported Hines the day of the arrest; (2) Officer Hardison had presumably spoken with Detectives Vrooman and Dotson that day; and (3) Officer Hardison had signed the affidavit on the day of the arrest. Hines' argument the arrest affidavit is not reliable because Officer Hardison was not there for the arrest is unavailing because Hines is essentially arguing the affidavit is unreliable solely because it is hearsay. Hines' similar arguments regarding the reliability of the vehicle consent search form and evidence report are also meritless because he challenges them for lack of authentication, but supervised release revocation hearings are informal and the Federal Rules of Evidence do not apply. *See Frazier*, 26 F.3d at 114. Moreover, Hines does not dispute cocaine was found in the vehicle he owned and was a passenger of at the time of the search. "[T]here is no requirement . . . to prove beyond a reasonable doubt that the defendant committed the alleged acts. All that is required is that the evidence reasonably satisfy the judge that the conduct of the [releasee] has not been as good as required by the conditions of probation." *United States v. Taylor*,

6

931 F.2d 842, 848 (11th Cir. 1991) (citations omitted) (internal quotation marks omitted).

The evidence was sufficient to meet the Government's burden of reasonably satisfying the district court that Hines violated a condition of his supervised release by possessing cocaine. Thus, the decision to revoke Hines' supervised release is affirmed.[1]

*Sentence*

We now turn to Hines' argument that his 60-month sentence was substantively unreasonable. We review the sentence imposed following the revocation of supervised release for reasonableness. *Velasquez Velasquez*, 524 F.3d at 1252. When reviewing a sentence for substantive reasonability, a sentence is substantively unreasonable if, considering the totality of the circumstances, the court weighed the 18 U.S.C. § 3553(a) factors unreasonably and imposed a sentence that did not achieve the purposes of sentencing outlined in § 3553(a). *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*). The party challenging the sentence bears the burden of proving the sentence enforced was unreasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

---

[1] Hines' suggestion that the district court's refusal to grant a continuance resulted in harm is unfounded. Hines "made no showing that by granting a continuance any substantial favorable evidence would be tendered by a witness, that a witness was available and willing to testify, and that the denial of the continuance would materially prejudice the defendant." *United States v. Taylor*, 931 F.2d 842, 848 (citations omitted) (internal quotation marks omitted). Without making that specific and overt showing, the district court did not abuse its discretion by denying a continuance.

While Hines' Sentencing Guidelines range was 37-46 months' imprisonment, the statutorily allowed maximum was 60-months' imprisonment because the imposition of Hines supervised release stemmed from a Class A felony. *See* 18 U.S.C. § 3583(b)(1), (e)(3). The district court explicitly stated it considered Hines' repeated brushes with the law and felt it necessary to protect the public from future criminal activity. While the district court did not go through all of the § 3553(a) factors individually, it is under no requirement to do so. *See id.* at 786. Further, the district court, despite Hines' contention to the contrary, openly considered his weakened physical health but still felt the need to protect the public outweighed any of his medical concerns. Therefore, the district court's sentence was reasonable. Hines sentence is affirmed.

**AFFIRMED.**