[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11093
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cr-00037-LGW-RSB-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LARRY P. RAYMER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(September 14, 2015)

Before WILSON, JULIE CARNES, and FAY, Circuit Judges.

PER CURIAM:

Larry P. Raymer, previously convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e), appeals the district court's decision to revoke his supervised release for knowingly possessing ammunition in violation of federal law on two separate occasions.  On appeal, Raymer argues that the evidence was insufficient to establish that he knowingly possessed ammunition on those separate occasions.  He further argues that because the ammunition was not found in his physical possession, the government had to prove that he had constructive possession of it by a preponderance of the evidence, but the government failed to meet such a burden.  Finally, Raymer challenges the credibility of his wife's testimony at his revocation hearing.

## I.

"We generally review a district court's revocation of supervised release for an abuse of discretion."  *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008) (per curiam).  A district court may revoke a term of supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release."  18 U.S.C. § 3583(e)(3).  In making this determination, we give deference to the district court's factual findings unless clearly erroneous.  *See United States v. Almand*, 992 F.2d 316, 318 (11th Cir. 1993).

2

It is unlawful for a person who has been convicted of "a crime punishable by imprisonment for a term exceeding one year" to "possess in or affecting commerce, any firearm or ammunition."  18 U.S.C. § 922(g)(1).  The elements that the government must prove are that: (1) the individual "knowingly possessed a firearm or ammunition"; (2) the individual "was previously convicted of an offense punishable by a term of imprisonment exceeding one year"; and (3) "the firearm or ammunition was in or affecting interstate commerce."  *United States v. Palma*, 511 F.3d 1311, 1315 (11th Cir. 2008) (per curiam).

## II.

As an initial matter, because Raymer only challenges whether he knowingly possessed the ammunition on the separate occasions, these are the only findings at issue.  That being said, the preponderance of the evidence before the district court established that Raymer knowingly possessed ammunition in violation of federal law.  Knowing possession can be proven through actual and constructive possession and through circumstantial as well as direct evidence, *see United States v. Wright*, 392 F.3d 1269, 1273 (11th Cir. 2004), and constructive possession exists "when a defendant does not have actual possession but instead knowingly has the power or right, and intention to exercise dominion and control," *United States v. Perez*, 661 F.3d 568, 576 (11th Cir. 2011) (per curiam).

3

Here, the evidence showed that Raymer had previously pled guilty to illegally possessing a firearm, and that ammunition was found at the property occupied by him on July 11 and 17. The places where the ammunition was found were open and under the control of Raymer, and no one else was living at the apartment complex. Moreover, the district court considered testimony that: (1) Raymer carried a .32 caliber revolver every day and .32 caliber ammunition was found; (2) he had a .22 caliber rifle and .22 caliber rifle ammunition was found; and (3) he had a shotgun and shotgun ammunition was found. Thus, the evidence shows by a preponderance of the evidence that Raymer had constructive possession of the ammunition. *See Perez*, 661 F.3d at 576.

Furthermore, Raymer's credibility argument is without merit. "The credibility of a witness is in the province of the factfinder," and we "will not ordinarily review the factfinder's determination of credibility" unless no reasonable factfinder could accept it. *See United States v. Copeland*, 20 F.3d 412, 413 (11th Cir. 1994) (per curiam); *see also United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002). Raymer has not met that threshold, but even if a reasonable factfinder chose not to accept Raymer's wife's testimony, the other information before the court still supported the revocation of Raymer's supervised release.

4

Accordingly, upon review of the record and consideration of the parties' briefs, we affirm.

**AFFIRMED.**