[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11905
Non-Argument Calendar
_____

D.C. Docket No. 1:08-cr-00067-CG-N-1


UNITED STATES OF AMERICA,

                                                          Plaintiff-Appellee,

versus

PAUL ANTONIO BURKE, JR.,

                                                          Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(February 6, 2017)

Before WILSON, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Paul Antonio Burke, Jr. challenges his 36-month sentence for violating a condition of his supervised release.  After serving 108 months in prison for possession of crack cocaine with intent to sell, Burke was placed on supervised release for 6 years.  While out on supervised release, Burke sold marijuana and ecstasy to a confidential informant.  The police relayed this information to Burke's probation officer, who in turn filed a revocation petition.  The district court held a revocation hearing and sentenced Burke to 36 months for violating the conditions of his release.  On appeal, Burke challenges the procedural and substantive reasonableness of his sentence.

We review a district court's conclusion that a defendant violated a condition of supervised release for abuse of discretion.  *United States v. Copeland*, 20 F.3d 412, 413 (11th Cir. 1994) (per curiam).  We review a sentence that was imposed upon revocation "of supervised release for reasonableness." *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).  When reviewing the reasonableness of a sentence, we first ensure that the district court did not commit a significant procedural error, such as selecting a sentence based on clearly erroneous facts.  *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).  Second, we review the substantive reasonableness of a sentence under an abuse-of-discretion standard.  *Id.*

## I.    Procedural Reasonableness

2

Burke argues that the district court procedurally erred by concluding that he sold drugs. Burke contends that because there was no forensic evidence, such as toxicology reports or field tests, the government cannot prove that Burke sold drugs. A court may revoke a defendant's supervised release and require the defendant to serve all or part of the supervised release term in prison if the court "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). The preponderance-of-the-evidence standard "requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." *United States v. Almedina*, 686 F.3d 1312, 1315 (11th Cir. 2012) (internal quotation marks omitted). Here, the court based its determination that Burke sold drugs on a police officer's testimony (1) that Burke sold marijuana and ecstasy to a confidential information on three occasions, (2) that the encounters were video recorded, (3) that Burke admitted to the conduct, and (4) that Burke cooperated with police to nab other drug dealers. This evidence is sufficient to find that the substances sold by Burke were more likely to be drugs than imitation drugs.

## II.    Substantive Reasonableness

Burke argues that his sentence is substantively unreasonable because the court gave no weight to his cooperation with state authorities. A defendant's cooperation is relevant to multiple 18 U.S.C. § 3553(a) factors. However, a court

must revoke the defendant's supervised release and require the defendant to serve a term of imprisonment if the defendant violated a condition of supervised release by possessing a controlled substance.  18 U.S.C. § 3583(g).  And "when revocation of supervised release is mandatory under 18 U.S.C. § 3583(g), the statute does not require consideration of the § 3553(a) factors." *United States v. Brown*, 224 F.3d 1237, 1241 (11th Cir. 2000) (internal quotation marks omitted), *abrogated on other grounds, United States v. Vandergrift*, 754 F.3d 1303, 1309 (11th Cir. 2014).  Because the district court determined that Burke violated a condition of his supervised release by possessing a controlled substance, revocation of his supervised release was mandatory under 18 U.S.C. § 3583(g).  Therefore, the district court was not required to consider the § 3553(a) factors when imposing a sentence.  *See Brown*, 224 F.3d at 1241.

**AFFIRMED.**

4

JORDAN, Circuit Judge, joined by ROSENBAUM, Circuit Judge, concurring:

I concur in the court's opinion because we are bound by *United States v. Brown,* 224 F.3d 1237, 1241 (11ᵗʰ Cir. 2000), but I am persuaded by the Third Circuit's view that, in a mandatory revocation scenario under 18 U.S.C. § 3583(g), a district court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a). *See United States v. Thornhill,* 759 F.3d 299, 309 (3d Cir. 2014).