[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13167
Non-Argument Calendar
_____

D.C. Docket No. 3:09-cr-00132-WHA-WC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALJAWON MILES,
a.k.a. Juwan Golden,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(March 8, 2018)

Before WILSON, MARTIN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Aljawon Miles appeals his conviction and 24-month sentence imposed after the district court found that he twice-violated his supervised release condition to not commit a federal, state, or local crime. The district court found that Miles, an adult sex offender, violated Alabama Code section 15-20A-11 by residing at a residence within 2,000 feet of a school and Alabama Code section 15-20A-10 by failing to register that address with local law enforcement. On appeal, Miles argues that there was insufficient evidence to establish that he lived at the residence in question because no one testified as to a particular night that he stayed at the residence and the weight of the evidence was in favor of Miles not residing there. Further, Miles contends that his sentence is procedurally unreasonable because the district court failed to provide any explanation for the sentence, to acknowledge the parties' arguments, or to meaningfully consider any of the 18 U.S.C. § 3553(a) factors. After careful review of the parties' briefs and the record, we vacate Miles's sentence on the procedural reasonableness ground and remand for resentencing.

## I.

## A.

We review the district court's determination that a defendant violated the terms of his supervised release for an abuse of discretion. *United States v. Frazier*, 26 F.3d 110, 112 (11th Cir. 1994). We review a district court's factual findings for

clear error.  *United States v. Ford*, 784 F.3d 1386, 1396 (11th Cir. 2015).  We will not disturb the district court's findings of fact unless we have "a definite and firm conviction that a mistake has been made."  *Id.* Credibility determinations are the province of the factfinder, and we ordinarily will not review such a determination. *United States v. Copeland*, 20 F.3d 412, 413 (11th Cir. 1994) (per curiam).  A district court's credibility determination must be accepted unless it is so inconsistent or improbable on its face that no reasonable factfinder could accept it, and therefore is clearly erroneous.  *United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002).

Under 18 U.S.C. § 3583(e)(3), a district court may revoke a term of supervised release if it finds by a preponderance of the evidence that the defendant violated a condition of his release.  *United States v. Sweeting*, 437 F.3d 1105, 1107 (11th Cir. 2006) (per curiam).  A preponderance of the evidence simply requires the factfinder to believe that the existence of the fact is more probable than its nonexistence.  *United States v. Trainor*, 376 F.3d 1325, 1331 (11th Cir. 2004).

### B.

Alabama Code section 15-20A-11 provides that an adult sex offender may not "establish a residence or maintain a residence after release or conviction within 2,000 feet of the property on which any school, childcare facility, or resident camp facility is located."  Ala. Code § 15-20A-11(a).  Section 15-20A-10 of the

3

Alabama Code requires an adult sex offender to register with local law enforcement immediately after establishing a new residence. Ala. Code § 15-20A-10(b), (e).

C.

There was sufficient evidence for the district court to find that Miles lived at the residence even though the lease was in his girlfriend's name.[1]

First, the mother of Miles's girlfriend testified that Miles was living at the residence and that she removed Miles's clothes from the residence and put them in a box outside. Second, an AT&T document showed that Miles was paying for a service account at the residence. Even if, as Miles argues, he could have been paying for his girlfriend's service because of her financial difficulties, the court only needed to find by a preponderance of the evidence that Miles lived at the residence.

Finally, the text messages between Miles and the landlord of the residence indicated that Miles exercised control and responsibility over the residence, making it more probable than not that he resided there. In the text exchanges, which started more than two months before his arrest for the alleged violations, Miles generally responded within a few minutes to the landlord's inquiries about

---

[1] The parties agree that the residence is within 2,000 feet of a school and that Miles residing there without registering his address would violate Alabama Code sections 15-20A-11 and 15-20A-10. They also agree that those Alabama Code violations would each violate Miles's supervised release condition to not commit a federal, state, or local crime.

the residence's maintenance issues. He also referred to his girlfriend as his "wife" and asked the landlord to remove her name from the lease and to replace it with his own. In support of his request, he told the landlord that he paid the rent.

While each individual piece of evidence may not be determinative, when taken together, the evidence does not lead to a definite and firm conclusion that the district court erred in finding that Miles resided at the residence in violation of two Alabama laws. Thus, the district court did not abuse its discretion in determining that Miles violated his supervised release condition to not commit a federal, state, or local crime, because he committed two Alabama state crimes.

## II.

### A.

We review the reasonableness of a district court's sentence imposed after the revocation of supervised release for an abuse of discretion. *United States v. Trailer*, 827 F.3d 933, 935–36 (11th Cir. 2016) (per curiam). When considering whether a sentence was procedurally reasonable, we assess whether the district court made a significant error, such as treating the Sentencing Guidelines as mandatory, miscalculating the guideline range, failing to consider the 18 U.S.C.

§ 3553(a) factors,[2] basing the sentence on clearly erroneous facts, or failing to adequately explain the sentence. *Id.* at 936.

The weight accorded to any given § 3553(a) factor is a matter committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). Nothing requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors. *United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007). We have held that a district court's statement that it considered the defendant's sentencing arguments and the § 3553(a) factors can alone be sufficient for us to uphold a sentence. *See United States v. McGarity*, 669 F.3d 1218, 1263 (11th Cir. 2012). In essence, a district court should simply set forth enough to satisfy us that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority. *Rita v. United States*, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007).

## B.

Because the district court did not explicitly address the parties' arguments pertaining to Miles's *sentence*, much less say that it had considered those

---

[2] The 18 U.S.C. § 3553(a) factors relevant to supervised release, *see* 18 U.S.C. § 3583(c), include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to deter criminal conduct; (3) the need to protect the public; (4) the need to provide the defendant with medical care or other correctional treatment; (5) the applicable guideline range; (6) the pertinent policy statements of the Sentencing Commission; (7) the need to avoid unwarranted sentencing disparities; and (8) the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1), (a)(2)(B)–(D), and (a)(4)–(7).

arguments, Miles's 24-month sentence was procedurally unreasonable. Before pronouncing Miles's guilt, the district court did say that it "carefully reviewed the charges and evidence presented." However, at the sentencing phase, the court made no reference to the parties' arguments pertaining to Miles's sentence, and only stated that it had considered the advisory Guidelines and "the reasonableness of the sentence under the lens of 18 U.S.C. § 3553." Thus, we have no basis on which to conclude that the district court actually considered the parties' sentencing arguments and in turn had a reasoned basis for its 24-month sentencing determination. Therefore, on the record before us, Miles's sentence cannot stand because it is procedurally unreasonable.

## III.

For the foregoing reasons, we vacate and remand for the district court to establish at resentencing that it has engaged in reasoned judgment by considering the Guidelines, the 18 U.S.C. § 3553(a) factors, *and* the parties' sentencing arguments.

**VACATED AND REMANDED.**