[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10007
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cr-00086-KD-N-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER EDGAR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(August 6, 2019)

Before MARCUS, NEWSOM and FAY, Circuit Judges.

PER CURIAM:

Christopher Edgar appeals his 24-month sentence, imposed above his applicable guideline range of 7 to 13 months, upon revocation of his supervised release.   On appeal, he argues that the government's evidence was insufficient to

prove by a preponderance of the evidence that he violated the conditions of his supervised release.  After thorough review, we affirm.

We review a district court's conclusion that a defendant violated the terms of his supervised release for abuse of discretion.  United States v. Copeland, 20 F.3d 412, 413 (11th Cir. 1994).  We are bound by the district court's fact findings unless they are clearly erroneous.  United States v. Almand, 992 F.2d 316, 318 (11th Cir. 1993).  "The credibility of a witness is in the province of the factfinder and this court will not ordinarily review the factfinder's determination of credibility."  Copeland, 20 F.3d at 413.  A defendant abandons an issue by failing to offer any argument on it on appeal.  See United States v. Cunningham, 161 F.3d 1343, 1344 (11th Cir. 1998).  We do not consider issues raised for the first time in a defendant's reply brief.  United States v. Levy, 379 F.3d 1241, 1244 (11th Cir. 2004).

Under the Sentencing Guidelines, a defendant commits a Grade C violation when, as here, he engages in "conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision."  U.S.S.G. § 7B1.1(a)(3).  Upon a finding of a Grade C violation, the court may: (1) revoke a defendant's supervised release; or (2) extend the term of supervised release and/or modify the conditions of supervision.  Id. § 7B1.3(a)(2).

2

Under Alabama law, a person commits domestic violence in the third degree if the person commits the crime of assault in the third degree and the victim is a person who has or had a dating relationship with the defendant.  Ala. Code § 13A-6-132.  A person commits the crime of third-degree assault if: (1) with intent to cause physical injury to another person, he causes physical injury to any person; or (2) he recklessly causes physical injury to another person; or (3) with criminal negligence he causes physical injury to another person by means of a deadly weapon or a dangerous instrument; or (4) with intent to prevent a peace officer from performing a lawful duty, he causes physical injury to any person.  Id. § 13A-6-22.

Here, the district court did not abuse its discretion by concluding that Edgar violated the conditions of his supervised release by committing domestic violence assault under Alabama law.  See Ala. Code §§ 13A-6-22, 13A-6-132.[1]  As the record reflects, the victim, Markuetta Roper, testified that she and Edgar were in a relationship.  She also testified that Edgar slapped her and hit her with a belt buckle, which caused bruising.  We cannot say that the district court clearly erred by finding this testimony to be credible.  Although Roper did not report the assault until nine days later, or initially admit to the officers that he had assaulted her, the evidence raised a reasonable inference that she was scared to report him for fear of what he

---

[1] Moreover, to the extent that Edgar raises a challenge to the substantive reasonableness of his sentence, we decline to review that issue because he failed to raise or argue it in his initial brief. See Cunningham, 161 F.3d at 1344; Levy, 379 F.3d at 1244.

3

might do to her.  Indeed, both officers testified that she seemed nervous and scared. On this record, the district court, who was in the best position to judge Roper's credibility and demeanor, did not clearly err in finding Roper's testimony to be credible, and we will not disrupt that finding.  See Copeland, 20 F.3d at 413.

Because the evidence showed that Roper and Edgar were in a relationship and he assaulted her with the intent to cause physical injury and did, in fact, cause physical injury, the government proved domestic violence assault under Alabama law.  See Ala. Code §§ 13A-6-22; 13A-6-132.  Accordingly, the district court did not abuse its discretion in concluding that Edgar violated the conditions of his supervised release, and we affirm.

**AFFIRMED**.

4