[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13912

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

NKOSI ALBERTIE-CHAMBERLAIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:20-cr-00025-TKW-1

_____

Before WILSON, NEWSOM, and BLACK, Circuit Judges.

PER CURIAM:

Nkosi Albertie-Chamberlain appeals the revocation of his supervised release and resulting 10-month sentence. Chamberlain asserts the district court abused its discretion in finding he constructively possessed firearms and ammunition in violation of his supervised release.[1] He also contends the court plainly erred in imposing its revocation sentence by considering the 18 U.S.C. § 3553(a)(2)(A) factors. After review, we affirm.

## I. REVOCATION OF SUPERVISED RELEASE

A district court may revoke a defendant's term of supervised release if it finds by a preponderance of the evidence the defendant violated a condition of his supervised release. 18 U.S.C. § 3583(e)(3). "Although such violations often lead to reimprisonment, the violative conduct need not be criminal and need only be

---

[1] Chamberlain also contends that before the revocation hearing, the district court should have determined whether his arrest was supported by probable cause and that a pre-revocation evidentiary hearing would have shown he did not have constructive possession of the guns or ammunition. Chamberlain did not request a pre-revocation hearing, does not explain how the court violated his constitutional rights by failing to provide this hearing, and cites no law supporting this conclusory claim. Thus, this argument is abandoned. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 682 (11th Cir. 2014) (explaining a party abandons claims made only by conclusory assertions with no supporting argument or case law).

found by a judge under a preponderance of the evidence standard, not by a jury beyond a reasonable doubt." *Johnson v. United States*, 529 U.S. 694, 700 (2000).

Possession of a firearm may be actual or constructive. *United States v. Iglesias,* 915 F.2d 1524, 1528 (11th Cir. 1990). To establish constructive possession, the government must show the defendant "(1) was aware or knew of the firearm's presence and (2) had the ability and intent to later exercise dominion and control over that firearm." *United States v. Perez*, 661 F.3d 568, 576 (11th Cir. 2011). A defendant's mere presence in the vicinity of a firearm is insufficient to establish constructive possession. *Id.*

The district court did not abuse its discretion in concluding Chamberlain violated a condition of his supervised release by constructively possessing firearms and ammunition. *See United States v. Copeland*, 20 F.3d 412, 413 (11th Cir. 1994) (reviewing a district court's conclusion that an appellant violated the terms of his supervised release for abuse of discretion). First, the Government presented circumstantial evidence as to both elements of constructive possession of a firearm. *See Perez*, 661 F.3d at 576. The Government presented evidence that Chamberlain knew the pistols were in the duffel bag because they were in a lockbox on top of money he admitted to packaging and claimed he had been planning to use to buy a truck, and the lockbox was intermingled with his clothes. *See id*. The Government also presented evidence he intended to exercise dominion or control over the guns because he had a long history of owning and using firearms—specifically Glock .40

calibers.  His girlfriend, on the other hand, did not know the caliber of the guns, had no idea how much ammunition was there, and was confused about which guns were in which lockbox, suggesting the guns were likely Chamberlain's.  *See id.*  The district court did not clearly err in crediting this evidence.

Second, the credibility of Chamberlain and his girlfriend was within the province of the district court as the factfinder in the revocation hearing, and we ordinarily do not review such findings.  *Copeland*, 20 F.3d at 413 ("The credibility of a witness is in the province of the factfinder," and we ordinarily will not review credibility determinations).  The district court found the girlfriend's story about keeping the guns for hunting and protection was not credible and that Chamberlain did indeed have access to—and probably owned—the guns.  The district court did not abuse its discretion, much less violate Chamberlain's constitutional rights, by finding by a preponderance of the evidence that Chamberlain constructively possessed the firearms and ammunition.  Accordingly, we affirm the revocation of Chamberlain's supervised release.

## II.  SENTENCE

Chamberlain did not object on the basis of the district court improperly considering the 18 U.S.C. § 3553(a)(2)(A) factors in imposing his sentence.  Thus, plain error review applies.  *See United States v. Corbett*, 921 F.3d 1032, 1037 (11th Cir. 2019) (stating we review unpreserved sentencing objections only for plain error).

21-13912               Opinion of the Court                    5

Section 3583(e) lists most—but not all—of the § 3553(a) factors as proper for courts to consider in imposing a sentence upon revocation of supervised release. However, § 3583(e) does not include § 3553(a)(2)(A), which provides as sentencing factors "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. §§ 3553(a)(2)(A), 3583(e). Neither the Supreme Court nor this Court has resolved whether it is permissible for courts to consider the § 3553(a)(2)(A) factors in imposing a sentence upon revocation, and other circuits are split on the issue. *United States v. Vandergrift*, 754 F.3d 1303, 1308-09 (11th Cir. 2014). In *Vandergrift*, we held that any alleged error by the district court in considering the § 3553(a)(2)(A) factors while imposing a revocation sentence could not be "plain" because the Supreme Court has not ruled on the issue and there is a circuit split. *Id.* at 1309.

*Vandergrift* makes clear a district court imposing a revocation sentence does not plainly err by considering the § 3553(a)(2)(A) factors. *See id.* Thus, Chamberlain's argument is foreclosed under the prior panel precedent rule. *See United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) (explaining under our prior panel precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*"). Accordingly, we affirm Chamberlain's sentence.

**AFFIRMED.**